■ HENRY D. KENNEDY et al., Respondents, v. MOOG SERVOCONTROLS, INC., Appellant.— Judgment insofar as it awarded damages in the sum of $200 and the order reversed on the law and facts and a new trial granted on the issue of damages with leave to plaintiffs to serve a supplemental complaint for damages sustained subsequent to the year of 1963 and otherwise judgment affirmed, with costs to plaintiffs-respondents. Memorandum: Trial court's finding that the ditch into which defendant discharged 10,000 gallons of effluent from its sewage system per day was not a watercourse is supported by the evidence and supports the conclusion that defendant had no right to discharge nonsurface waters therein. The damage caused thereby was sufficient to warrant the granting of injunctive relief. The record does not, however, support the determination that plaintiffs suffered damages in the amount of $200 and a new trial is required on that issue. All concur except Williams, P. J., who dissents as to that part of the judgment granting an injunction, and as to that part votes to reverse and dismiss the complaint, in the following Memorandum: The majority would affirm the portion of the judgment which grants an injunction but has reversed the award of damages in the sum of $200 on the theory that that amount is excessive. I agree that that amount might well be excessive but I would not reverse, because the plaintiffs may well be entitled to some damage and the reduction would be minimal. However, the fact remains that the majority, in effect, has decided that the damages sustained by the plaintiffs for the year 1963 did not equal $200. There is no reason to believe that damages for any successive year will equal or exceed that amount. Plaintiffs' proof is very light in many respects, but for the purpose of my dissent I am willing to assume that the defendant may have overloaded the stream. Nevertheless, I will not agree that this is not a natural watercourse. However, that is more or less beside the point of my dissent because I think that this broad injunction is extremely drastic in view of the relative equities concerned, sometimes referred to as the " balance of convenience ". The injunction would cause the defendant to make substantial, extensive and expensive alterations to its sewage disposal system to avoid damage to the plaintiffs of less than $200 each year. This is not balancing relative hardships and hazards as the law requires, nor does it consider the fact that there is no irreparable loss on the part of the plaintiffs. (28 N. Y. Jur., Injunctions, § 45, p. 362.) I might add in conclusion that any damage sustained by the plaintiffs was without any effort on their part to minimize. A slight amount of excavation would probably have prevented the flooding and would prevent future flooding, whether caused by the defendant or not. There is no really substantial proof as to the cause of the flooding. (Appeal from judgment of Erie Trial Term enjoining defendant from releasing treated sewage and for damages; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.