Ronald E. Coleman, J.
The State of New York served an appropriation map on the claimants showing the taking of all of their property including a boathouse and piers located on Tuscarora Bay in the Town of Wilson. Briefly, counsel called our attention to the fact that the boathouse and piers had been built on land made by fill placed in the waters of the bay adjacent to and beyond the lot line of the lots purchased by them as shown by their deeds and a subdivision map of Tuscarora Park Club, Inc., recorded March 6, 1924. In the event that these improvements were found to be on land in which the claimants had no interest, no award could be made for the appropriation of such improvements. In spite of the fact that the State seemingly did not press this fact and there was little discussion of it by either counsel on the trial, we have discussed here the question involved at some length in the event that on some later occasion the claim might be that the claimants were not entitled to be compensated herein for these improvements. (See Hasbrouck v. State of New York, 28 A D 2d 1195.)
In the years 1949 to 1959 claimants purchased three lots having frontage on Tuscarora Bay. After acquiring the property they dredged the channel of the bay in front of their property so that it could be used by boats. The material so removed was used to fill land under water adjacent to their lot lines to make land on which to construct the boathouse and piers being used by them in a marina business when appropriated. This work was done over a period of several years, was the most convenient and practical way of disposing of the dredged material and also was to the claimants’ advantage considering the use which they intended to and did make of the whole property.
*551 Tuscarora Bay is a body of water formed around an island in Lake Ontario and lying between the island and the main land. Admittedly, the claimants did not obtain permission from the State of New York to fill the land or to build the boathouse and piers. Lake Ontario is a navigable body of water being part of an international boundary line and it can be said that the waters of Tuscarora Bay are also navigable waters. Apparently the United States did not exercise exclusive control over the waters in front of their property as evidenced by a letter addressed to Mr. Moyer from the Corps of Engineers, United States Army, Buffalo District, dated June 5, 1958, in which it was stated that the United States “ does not exercise jurisdiction over the waters of Tuscarora Bay upstream of the Village of Wilson’s dock” where claimants’ property was located. However, the United States did exercise some degree of control over these waters to the extent that it further required that all dredged material was to be confined by suitable bulkheads which was done here, so that it could not re-enter the waters of Tuscarora Bay. It then might be said that the navigable waters here came under the control of the State of New York. Regarding the title to these lands there is a presumption under the law that lands under navigable waters are the property of the State and the burden is upon the one claiming the contrary. (Massachusetts v. New York, 271 U. S. 65, 89; People v. Foote, 242 App. Div. 162, 174.)
Here the claimants used the land under water in front of their property as a location on which to place fill dredged out of the channel to make it usable for boats. On the land so made they erected the boathouse and piers used in the seasonal business of servicing and storing boats operated by them while they were at their summer homes located on the adjacent lots. There was a need for such facilities in the area to be used by summer residents with homes on the nearby island which could only be reached by boat and also to be used by others.
One of the rights of the claimants as riparian owners was the right to build a boathouse and piers on the land under water without a grant from the State. As was done here such improvements can be made providing that they are for the use of navigation and commerce connected with a business or for individual use. Further, any use made of the riparian rights must be such that it does not interfere with navigation and here the improvements made by the claimants not only did not interfere with navigation but indeed improved it. On this record we find that their user was not excessive. All of these improvements including the land made and construction of the *552 boathouse and piers were made by them under the express permission of the United States and implied permission of the State of New York under the law of riparian rights pertaining to the owners of land fronting on Tusearora Bay (Hinkley v. State of New York, 234 N. Y. 309, 317-319).
Under these circumstances claimants are entitled to be compensated in this claim for what was taken from them by the State which includes the boathouse and piers. Under a separate decision we have made an award to them for the property appropriated giving consideration to these improvements.