■ PETRO LYTWYN et al., Appellants, v. TOWN OF WAWARSING, Respondent. — Appeal (1) from a judgment of the Supreme Court in favor of defendant, entered Septemebr 27, 1972 in Ulster County, upon a verdict rendered at Trial Term, and (2) from an order of said court, entered September 27, 1972, which denied plaintiffs' motion to set aside the verdict. Plaintiffs commenced this action to recover damages for a loss sustained to their property during a heavy rainstorm. It is plaintiffs' contention that the loss was occasioned when surface waters collected by a drainage ditch allegedly constructed by defendant caused water to spill over onto their property, washing out their driveway,

lawn and garden. Plaintiffs purchased their home on Foordmore Road (a town road, owned, operated, and maintained by defendant) in May of 1966. At that time, plaintiff Petro Lytwyn testified, there were no ditches along said road in the vicinity of this property. Thereafter, during the summer and fall of 1967, defendant's Highway Department allegedly constructed a 1,000-yard ditch alongside Foordmore Road on the opposite side of the street from plaintiffs' home. The ditch ran down the slope of the hill and terminated at a pre-existing culvert directly across from plaintiffs' property. Prior to this time, it was testified, surface waters had flowed evenly across the road, being easily distributed throughout the area. No prior damage from surface waters had been suffered, nor had any water from the opposite side of the road ever flowed onto plaintiffs' property. The jury verdict was "no cause for action". It is contended on this appeal that the court's charge to the jury constituted prejudicial error. The court charged the jury to first determine "whether the ditch, considering all of the circumstances, was defective, unsafe, dangerous or obstructive, and, if so, whether that condition existed for so long a period of time that it should have been discovered and remedied in the exercise of reasonable care and diligence on the part of the Town." The jury was also charged: "The Town must have written notice of the defect unless that defective or obstructive condition existed for such a long period of time that it should have been discovered and remedied in the exercise of reasonable care and diligence." This charge was obviously based on the court's interpretation of subdivision 1 of section 65-a of the Town Law, which provides that as a condition precedent to the recovery of damages to real or personal property by reason of a highway, bridge, or culvert being defective, prior written notice, or facts amounting to constructive notice, plus the passage of a reasonable time within which to cure such defect must first be shown. It is plaintiffs' contention that the above condition precedent is not applicable to a case where, as here, the town has committed an affirmative act which is alleged to be the direct cause of the damages sustained. The plaintiffs are correct in this contention. It is well settled that public authorities cannot collect surface water into channels and discharge it upon the land of a neighbor (*Tremblay* v. *Harmony Mills*, 171 N. Y. 598, 601), for as the Court of Appeals long ago stated, "A municipal corporation has no greater right than an individual to collect the surface water from its lands or streets into an artificial channel, and discharge it upon the lands of another, nor has it any immunity from legal responsibility for creating or maintaining nuisances" (*Noonan* v. *City of Albany*, 79 N. Y. 470, 476). It was thus established that the mere act of creating a channel which would discharge water onto another's lands constituted an actionable wrong without requiring a showing that such channel was constructed or maintained in a defective, unsafe, dangerous or obstructive manner. In other words, the affirmative act of creating such a ditch was wrongful even though there was no negligence in its construction or maintenance (see *Kerhonkson Lodge* v. *State of New York*, 4 A D 2d 575, 578). Thus, where, as here, the town has affirmatively "created" the alleged condition which gives rise to the cause of action, neither prior written notice nor constructive notice need be shown. This theory finds support in those cases holding inapplicable the notice provisions of local ordinances where the municipality had, as in the present case, caused the condition complained of (*Filsno* v. *City of Rochester*, 10 A D 2d 663; *Appelbaum* v. *City of Long Beach*, 8 A D 2d 818). Of course, in those cases, liability was sought to be avoided by a municipality pursuant to its own ordinance, whereas here the defendant town relies upon a statute enacted for its benefit by the State Legislature. Nevertheless, we feel that a considera-

tion of the purposes intended to be effected by subdivision 1 of section 65-a of the Town Law requires the same result. Therefore, the trial court's charge on the issue of notice was clearly erroneous. A new trial is required. The jury will have to determine whether the defendant in fact created the ditch. If the jury's finding on this issue is in the affirmative, it must then determine whether this ditch so changed, channeled or increased the flow of surface water onto plaintiffs' land as to proximately cause damage to the property, or whether the rainstorm was of such severity that it would have constituted the proximate cause of such damages notwithstanding the presence of the ditch. Judgment and order reversed, on the law, with costs; motion granted and new trial ordered. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.