OPINION OF THE COURT
Michael W. Duskas, J.
Appellant was convicted August 15, 1979, after a nonjury trial convened in the Town Court in the Town of Hopkinton, County of St. Lawrence, New York, of trespassing, a violation of ECL 11-2113 (subd 2, par e), and sentenced to pay a fine of $25. The appeal is taken from such judgment upon an affidavit of errors. The basic issue is whether or not the defendant committed the infraction of trespass under the facts of the case.
Oval Wood Dish Company owns certain real estate through which flows the St. Regis River. The owner leases to the Sylvan Falls Club, a hunting and fishing club, a certain portion of the premises. The premises leased to the club adjoins one bank of the St. Regis River, and the lease describes the premises as extending to the center of the river. The club is granted by the lease exclusive hunting and fishing rights in the demised premises, and the lands along the stream have been posted. Appellant fished the stream from a boat within the area of the leased premises, and although the boat was not anchored to the river bottom, appellant had tied a line from the boat to some brush located alongside the shore.
It is important to note that the conviction was based upon a determination by the local criminal court that the stream had been lawfully posted, and therefore, that appellant had no right to be upon the stream in the posted area; or, stated in other terms, there was no finding (conceded by the People) that the offense was committed by reason of the tethering of the boat to some brush. This court, therefore, renders its opinion herein without regard to the question whether appellant committed a trespass by tying a line from the boat to the brush, for the findings and determination of the lower court *206 did not encompass this circumstance, and further it appears that there was insufficient evidence before the trial court as regards the location of the brush and whether it was growing from the bank of the river or situate within the stream.
A riparian proprietor is one who owns land on the bank of a river. (Allen v Potter, 64 Misc 2d 938, affd 37 AD2d 691.) The bed of nonnavigable streams, or other bodies of water, is subject to private ownership, and the title thereto, as a general rule, is vested in the proprietors of the adjoining uplands. (People v Platt, 17 Johns 195.) The general rule in New York is that each owner takes title in proportion to his line on the margin in front of his upland according to straight lines drawn at right angles between the sidelines of his land on the shore and the thread, or centerline, of the stream. (See Calkins v Hart, 219 NY 145, mot for rearg den 219 NY 626.) Although in some jurisdictions the rule prevails that if the stream is navigable, the State has title to the riverbed (see 78 Am Jur 2d, Waters, § 381), the law of the State of New York allows title to the bed of navigable waters which are tideless (above the point where the tide ebbs and flows) to be vested in the riparian proprietors. (Stewart v Turney, 237 NY 117; Fulton Light, Heat & Power Co. v State of New York, 200 NY 400, mot for rearg den 202 NY 543; Chenango Bridge Co. v Paige, 83 NY 178; St. Lawrence Shores v State of New York, 60 Misc 2d 74.) The bed of a stream may be subject to private ownership, therefore, regardless of navigability. The question of ownership thus may depend upon the language of the conveyance, grant, or prescriptive right (see People v System Props., 2 NY2d 330; Moyer v State of New York, 56 Misc 2d 549).
 The ownership of a stream bed does not of itself impart to the riparian owner an exclusive right to the waters flowing over the bed. Each riparian owner may be entitled by virtue of his rights in the bed to the reasonable use of the water for domestic and other purposes, as it passes his premises, but his use thereof cannot be inconsistent with a like reasonable use of the water by owners above and below him. (Barkley v Wilcox, 86 NY 140; Zidel v State of New York, 198 Misc 91; St. Lawrence Shores v State of New York, supra; Kennedy v Moog Servocontrols, 48 Misc 2d 107, affd in part, revd in part on other grounds 26 AD2d 768, affd 21 NY2d 966; Howland v Union Bag & Paper Corp., 156 Misc 507; Onondaga Water Serv. Corp. v Crown Mills, 132 Misc 848.)
*207 It is seen, then, that a riparian owner’s interest in the stream is qualified rather than absolute (Strobel v Kerr Salt Co., 164 NY 303, mot for rearg den 165 NY 617), and as the west bank of the St. Regis River is by the trial evidence shown to afford a channel for useful commerce of a substantial and permanent character, and is a stream not privately owned, neither the Oval Wood Dish Company, nor its lessee, the Sylvan Falls Club, can be found to own the water flowing in front of its premises. A person boating on the waters is, therefore, not a trespasser, even if he utilizes the stream for fishing, barring situations where a trespass infraction may be found if the boat is tied to the shore or anchored.
Judgment reversed and the information is dismissed.