■ Sandra A. Haviland, an Infant, by Stanley R. Haviland, Her Parent, et al., Respondents, v Mary M. Smith et al., Defendants; Ricky J. Haviland, Respondent, and Town of Pittstown, Appellant. (And Another Related Action.) — Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered November 25, 1981 in Rensselaer County, which denied defendant Town of Pittstown's motion for summary judgment, and (2) from an order of said court, entered March 19, 1982 in Rensselaer County, which denied said defendant's motion to reargue or renew the earlier motion. Plaintiffs were injured in a collision between the motorcycle driven by Ricky Haviland, on which plaintiff Sandra Haviland was a passenger, and an automobile driven by defendant Mary Smith and owned by defendant Leonard Smith. The accident occurred on Anders Road, located in the Town of Pittstown. The complaints allege negligence on the part of the town in the construction, design, layout and planning of Anders Road. In its answer, the town raised the affirmative defense of failure by plaintiffs to allege compliance with Local Law No. 2 of 1975 which requires that written notice of a defect in a highway be given to the town clerk before a civil action can be maintained against the town. The town moved for summary judgment seeking dismissal of the complaints and all cross complaints as a matter of law, in that the complaints were without merit because of failure to comply with the local law's requirement of prior written notice of the alleged highway defects. Plaintiffs contended that the town's affirmative acts in building and designing the road obviated the necessity of prior written notice. They further claimed that the town had actual notice of the condition of the road in that the town's superintendent had filed an application for road improvements which included Anders Road and the application was filed with the town clerk. Plaintiffs contend that such filing was sufficient compliance with Local Law No. 2. Special Term, in denying summary judgment, held that triable issues of fact existed as to the town's negligence in the design and construction of the road, and in its maintenance. The court found, also, that there was compliance with Local Law No. 2. The town's motion to renew and reargue was also denied. The court held that the motion was one to renew since additional facts were presented to the court on the motion. The court held that these facts were all previously

available and known to the town and, therefore, renewal was inappropriate. The court ruled, further, that the motion could not be considered as a motion to reargue since there was no allegation that the court had previously erred in its original ruling on the same facts by overlooking or misapprehending the facts or the law. We concur with Special Term's denial of summary judgment. It is clear that prior written notice is not applicable and is excused where a municipality has created the condition complained of or has committed affirmative acts of negligence which have been alleged to be a direct cause of damages (*Powell v Gates-Chili Cent. School Dist.,* 50 AD2d 1079, 1080; *Lytwyn v Town of Wawarsing,* 43 AD2d 618). Plaintiffs here have alleged affirmative acts on the town's part in its design, layout, plan and construction of the road in an unsafe and dangerous manner which contributed to the accident. These allegations raise triable issues of fact and, therefore, the motion was properly denied. We concur, too, with Special Term's denial of the application for renewal. The court properly determined that the motion was one for renewal and its denial of the motion did not constitute an abuse of discretion. Orders affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.