GEORGE PIOLI, Respondent, v TOWN OF KIRKWOOD, Appellant, and GORICK CONSTRUCTION COMPANY, INC., et al., Respondents. (And a Third-Party Action.)

Third Department, November 15, 1985

### APPEARANCES OF COUNSEL

*Thomas F. O'Connor* for appellant.

*Dominick F. Callo, P. C.,* for George Pioli, respondent.

*Levene, Gouldin & Thompson (William S. Yaus* of counsel), for Gorick Construction Company, Inc., and another, respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

On July 11, 1981, plaintiff was riding as a passenger in a vehicle proceeding northwest on Francis Street in the defendant Town of Kirkwood, Broome County. Francis Street is a two-lane, blacktopped town highway. Francis Street intersects

Crescent Drive, a State highway. At the intersection, there is a drainage grating running across Francis Street. As plaintiff's vehicle proceeded on Francis Street and crossed the metal drainage grating, it went out of control and hit a bridge abutment. As a result, plaintiff sustained serious multiple injuries.

Plaintiff received permission to file a late notice of claim against the town and commenced this action for money damages in June 1982. Plaintiff's claim alleges, *inter alia,* that the town was negligent in the design, construction, supervision and maintenance of Francis Street. Plaintiff further alleged that the town was negligent in failing to warn of the danger and in failing to correct it. The town moved for summary judgment dismissing the complaint against it, alleging, *inter alia,* that the town had no duty to warn of any hazards at the Francis Street and Crescent Drive intersection and, if it had a duty to warn, plaintiff had not complied with the town's prior written notice requirement (Local Laws, 1974, No. 1 of Town of Kirkwood). Special Term denied the motion. This appeal by the town ensued.

The town maintains that it did not own, construct, control or maintain the metal drainage grating. Accordingly, the town argues that the grating was within the State's authority pursuant to the Vehicle and Traffic Law (§ 1621 [a] [1]; § 1681 [a]; §§ 1682, 1684) and, therefore, the State, and not the town, had a duty to warn of the impending dangers. However, the metal grating is not the only hazard plaintiff is complaining of. He also alleges that the design and construction of the portion of Francis Street maintained by the town was defective in that the severity of the downgrade and upgrade at the intersection created a "roller coaster" effect that caused the vehicle in which plaintiff was riding to go out of control.

Quite apart from the unsettled nature of the controlling statutory laws in this area (Vehicle and Traffic Law § 1621 [a] [1] ["The department of transportation with respect to * * * the intersection of any highway with a state highway * * * *may* * * * order * * * signs or signals at one or more entrances to such intersection"]; § 1681 [a] ["The department of transportation *shall* order the installation * * * of such traffic-control devices * * * on any highway intersecting a state highway * * * as it may deem necessary * * * to regulate, warn, or guide traffic"]; § 1682 ["Local authorities * * * shall place and maintain such traffic-control devices * * * as

they *may* deem necessary \* \* \* to regulate, warn, or guide traffic"]; emphasis supplied), as well as the unsettled nature of the case law *(see, Miller v Tuchols,* 90 AD2d 957; *Mente v County of Tioga,* 18 AD2d 863), there is, nevertheless, a duty on local municipalities to construct and maintain their highways in a reasonably safe condition, which includes giving adequate warning, by signs or otherwise, of dangerous conditions on the highway *(Atkinson v County of Oneida,* 77 AD2d 257, 260). Accordingly, since plaintiff alleged that part of the danger was the design of Francis Street as it approached the intersection, and also alleged that the State-maintained metal grating posed a danger to motorists traveling on the portion of Francis Street maintained by the town, it cannot be said that the town had no duty to warn of the alleged hazards.

Finally, the town argues that even if it had a duty to warn, plaintiff failed to comply with the town's prior written notice requirement (Local Laws, 1974, No. 1 of Town of Kirkwood). Since the town's local law specifically includes signs, this cause of action falls within the town's prior written notice requirement. No such notice was given to the town prior to the date of this accident. However, this court has ruled that the prior written notice requirement "is excused where a municipality has created the condition complained of or has committed affirmative acts of negligence which have been alleged to be a direct cause of damages" *(Haviland v Smith,* 91 AD2d 764, 765; *see also, Lytwyn v Town of Wawarsing,* 43 AD2d 618). Here, plaintiff has alleged not only that the town was negligent in the design, construction, maintenance and operation of Francis Street, but also that the town was negligent in failing to study the need for a warning sign, as plaintiff contends is required by Official Order No. 1020 of the State's former Department of Public Works and by the town's resolution accepting immediate maintenance responsibility (Local Laws, 1974, No. 2 of Town of Kirkwood).

Plaintiff has sufficiently alleged that the town created the hazardous conditions and/or failed to fulfill its affirmative duty to warn of or correct the hazard. Thus, triable issues of fact are raised. The motion for summary judgment was properly denied.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.