■ FRED HOFFMAN et al., Appellants, v JOSEPH APPLEMAN et al., Respondents. ROUTE 303 DRIVE-IN THEATRE, INC., Third-Party Plaintiff-Respondent; J. FREDERICK WOERNER, JR., et al., Third-Party Defendants-Respondents. ROUTE 303 DRIVE-IN THEATRE, INC., Third-Party Plaintiff-Respondent; TOWN OF CLARKSTOWN, Third-Party Defendant-Respondent.—In an action to recover damages based on an injury to real property and for injunctive relief, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Rockland County (Walsh, J.), dated July 11, 1984, as, after a nonjury trial, dismissed their complaint.

Judgment reversed insofar as appealed from, on the law and the facts, the plaintiffs are awarded judgment against the defendants on the issue of liability, and the matter is remitted to the Supreme Court, Rockland County, for a trial on the issues of damages and the plaintiffs' application for injunctive relief, and for determination of the third-party claims.

The plaintiffs are awarded one bill of costs payable by the respondents, appearing separately and filing separate briefs.

In 1975, the plaintiffs commenced this action against the defendants to recover damages and for injunctive relief after experiencing several years of repeated flooding of their property. Their complaint was dismissed after a nonjury trial, the court finding that the defendants could not be held liable for injuries to the real property caused when the surface water was retained on the plaintiffs' property as the result of the reasonable grading of the defendants' land. We reverse.

Initially, we find that the plaintiffs' action was not barred by the Statute of Limitations, since actions such as the one at bar, brought pursuant to ECL 15-0701 (1) are governed by those provisions of the CPLR applicable to comparable actions (see, CPLR 213 [1]; 214 [4]; Kearney v Atlantic Cement Co., 33 AD2d 848).

The plaintiffs contend that the trial court erroneously deter-

mined that the water which flooded their land was an accumulation of surface water. Although the evidence tended to show that the water which flowed through the plaintiffs' land and onto the defendants' land was not diffused, because it flowed through an open channel or ditch *(see, Kossoff v Rathgeb-Walsh,* 3 NY2d 583, 590), there was no evidence that the water had a permanent source of supply indicative of a natural watercourse *(see, Barkley v Wilcox,* 86 NY 140, 143). Nevertheless, the court incorrectly dismissed the plaintiffs' complaint.

Lower riparian property owners have the right to reasonably grade their land regardless of what might happen to surface water, provided they do not cast surface water onto upper properties by artificial means such as by pipes or ditches *(see, Kossoff v Rathgeb-Walsh, supra; M.C.D. Carbone, Inc. v Town of Bedford,* 98 AD2d 714). In the case at bar, the defendants' installation of a culvert within an elevated access road hindered the natural flow of surface water and created an artificial gathering of water upon the plaintiffs' land for which the defendants are liable *(see, Lytwyn v Town of Wawarsing,* 43 AD2d 618; *Holmes v State of New York,* 32 Misc 2d 1077). The defendants are not immune from liability by virtue of the Town of Orangetown's approval of their plans *(see, Kennedy v Hoog, Inc,* 48 Misc 2d 107, 113, 115, *mod on other grounds sub nom. Kennedy v Moog Servocontrols,* 26 AD2d 768, *affd* 21 NY2d 966; *Grossman v Jenad, Inc.,* 198 NYS2d 218, 224).

The plaintiffs are entitled to an award of damages which is to be the lesser of the cost of restoring their land to its former condition or the diminution in the market value of the property by reason of the injury *(see, Hartshorn v Chaddock,* 135 NY 116, 121-122; *Grossman v Jenad, Inc., supra).* Due to the staleness of the facts in the record, we decline to pass upon the plaintiffs' request for injunctive relief and leave that determination to the discretion of the court upon remittal. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.