◼ ROBERT J. VINE et al., Respondents, v JOHN MANVILLE SALES CORPORATION et al., Defendants, and ALBANY CITY SCHOOL DISTRICT, Appellant.—Mercure, J.

Plaintiffs commenced this action to recover for damages allegedly sustained as a result of plaintiff Robert J. Vine's exposure to asbestos products that he installed in buildings owned by defendant Albany City School District (hereinafter defendant). Defendant moved to dismiss the complaint for failure to file a notice of claim in accordance with General Municipal Law §§ 50-i and 50-e or, in the alternative, to dismiss the claims grounded in breach of warranty and strict products liability for failure to state a cause of action. Supreme Court denied defendant's motion without prejudice to renewal upon the completion of discovery. Defendant now appeals.

We reverse. Plaintiffs maintain initially that they were not required to serve a notice of claim since they commenced their action to recover for, *inter alia,* personal injuries caused by exposure to asbestos within the time period specified by the Laws of 1986 (ch 682 [amending CPLR 214-c]). The provision relied upon by plaintiffs provides, in pertinent part: "Notwithstanding any other provision of law, including sections fifty-e and fifty-i of the general municipal law * * * every action for personal injury, injury to property or death caused by the latent effects of exposure to * * * asbestos * * * upon or within the body * * * which is barred as of [July 30, 1986] * * * solely because the applicable period of limitations has or had expired is hereby revived and an action thereon may be commenced provided such action is commenced within one year from [July 30, 1986]" (L 1986, ch 682, § 4).

It is clear from the record that plaintiffs commenced their action within the period required by the statute. However, the purpose of the act is to revive claims which were time barred as of July 30, 1986. Although defendant raised this issue in its

moving papers before Supreme Court, plaintiffs submitted no opposing proof that the claim was previously time barred. There is nothing in plaintiffs' complaint, or in the record as a whole, which indicates the date upon which the claim accrued or which establishes that the claim was barred due to the expiration of the Statute of Limitations prior to July 30, 1986. Thus, plaintiffs' reliance upon this provision is unwarranted.

Similarly meritless is plaintiffs' contention that a notice of claim was not required because defendant allegedly committed affirmative acts which created the dangerous condition which caused Vine's injuries. In relying upon *Pioli v Town of Kirkwood* (113 AD2d 59, 61) and *Haviland v Smith* (91 AD2d 764, 765), plaintiffs have confused the notice of claim requirement of General Municipal Law § 50-i with the requirement of prior written notice of a dangerous condition often prescribed by local law. Allegations of affirmative negligence on the part of a municipality will not excuse a failure to file a notice of claim, the purpose of which "is to afford school districts an opportunity to investigate claims and obtain evidence promptly while it is still readily available" *(State of New York v Waverly Cent. School Dist.,* 28 AD2d 628, 629, *lv denied* 20 NY2d 646).

Given that plaintiffs have failed to serve a notice of claim upon defendant within the statutorily prescribed time, General Municipal Law § 50-i requires dismissal of the complaint.*

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant Albany City School District.

Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.

---

* This dismissal will not affect defendant Robert A. Keasbey Company's cross claim against defendant, since said cross claim sought indemnification or an apportionment of damages *(see, Matter of Valstrey Serv. Corp. v Board of Elections,* 2 NY2d 413, 415-416).