■ WILBUR CURTIS et al., Appellants, v TOWN OF CLINTON, Respondent.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.), entered September 5, 1990 in Dutchess County, upon a decision of the court in favor of defendant.

Defendant had installed and maintained a concrete box culvert under Fiddlers Bridge Road in the Town of Clinton, Dutchess County, since the 1930s. Fiddlers Bridge Road was the southerly boundary of plaintiffs' property, which they purchased in 1970, and Center Road the easterly boundary. The culvert carried drainage across plaintiffs' property in a defined channel, past a spring that provided drinking water and eventually into Wappingers Creek. In 1980 plaintiffs installed a pond in this lowlying swampy area and regraded and reshaped the land. When the pond was installed, a pipe running from the box culvert to the pond was also installed. Plaintiffs' repeated complaints to defendant about erosion, flooding and the like resulted in defendant's installation in July 1985 of a replacement culvert containing a pipe that was 42 inches in diameter.

Plaintiffs' complaint alleges that defendant was negligent in this installation and that, in May 1986, large amounts of surface water and road chemicals contained therein were caused to flow through the culvert and to be deposited on plaintiffs' land to their damage and adversely affecting their pond. Plaintiffs claimed negligent installation of the replacement culvert and served a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i on August 4, 1986, within 90 days from the time the claim arose because a continuing wrong sounding both in negligence and nuisance was alleged. Defendant's initial default in answering was excused and the resulting default opened in an order that was affirmed on appeal (138 AD2d 445). Defendant then answered and, after the parties stipulated to many of the facts, the case proceeded to a nonjury trial. After the evidence had been presented, Supreme Court found that defendant had constructed the replacement culvert in accordance with good engineering principles and, therefore, was not negligent, that defendant did not employ improper methods of controlling the surface water and did not increase the drainage across plaintiffs' property. Judgment was entered in favor of defendant, giving rise to this appeal.

We find these determinations supported by the record and affirm. One theory of negligence advanced by plaintiffs' expert witness, Robert Ptak, was that defendant should not have approved three neighboring subdivisions which unduly caused increased run off through the culvert. However, this witness admitted on cross-examination that when forming his opinion he did not take into consideration the four culverts that had been installed for that purpose on Nine Partners Road (east of Center Road). The witness further admitted that he did not know the number of houses that had been built in the subdivisions, which made his calculation of increased runoff speculative.

Defendant's expert witness, David Crawford, testified that no drainage at all from one of the subdivisions flowed through the culvert but was collected by four other culverts on Nine Partners Road and emptied into a large ravine. As to the other two subdivisions, Crawford testified that the areas developed were so small in comparison to the previously open area that the increased amount of runoff would be insignificant. The issuing of the permits to the separate subdivisions cannot be considered negligence (see, Beck v City of New York, 23 Misc 2d 1036, affd 16 AD2d 809). Crawford also testified that the reconstruction of the culvert was an appropriate method

of repairing it and that the repair was done in accord with good engineering principles. Although plaintiffs claimed that the erosion and flooding were achieved as a result of the difference in higher elevation of the culvert's discharge pipe over the old box culvert, plaintiffs failed to offer evidence of any increase in the rate of flow of water through the culvert after the replacement.

The record, therefore, supports the conclusion of Supreme Court that plaintiffs failed to show negligence by defendant in the installation of the culvert; failed to prove that the amount of drainage was substantially increased by the replacement culvert; and failed to prove that the drainage increased the rate of erosion or flooding. Having failed to prove negligence, a claim of nuisance based thereon is not supportable *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 569). There is no proof that defendant committed an act evidencing an intent to divert water onto plaintiffs' property. In the absence of a showing of nuisance or trespass, Supreme Court properly denied plaintiffs' request for injunctive relief, and for failure of plaintiffs' proof in regard to defendant's negligence Supreme Court properly dismissed the complaint.

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.