[639 NYS2d 613]

DOUGLASTON MANOR, INC., Respondent, v GEORGE BAHRAKIS et al., Appellants.

Fourth Department, March 8, 1996

APPEARANCES OF COUNSEL

*Webster & Chase,* Rochester *(Frank R. Webster* of counsel), for appellants.

*Hiscock & Barclay, L. L. P.,* Syracuse *(Diane L. Van Epps* of counsel), for respondent.

## OPINION OF THE COURT

DOERR, J.

The issue raised on this appeal, whether the public right of navigation in waters of a privately owned riverbed includes the right to fish therein, is one that has not been recently addressed by New York appellate courts. We conclude that the right of navigation includes the right to fish.

The facts are not in dispute. The Salmon River originates in Lewis County and flows generally west for 50 miles before it empties into Lake Ontario at Port Ontario. Approximately one mile of the Salmon River bed is located on property owned by plaintiff, Douglaston Manor, Inc. (Douglaston), in Oswego County. Plaintiff's property also includes approximately 2.1 miles of shoreline and 10 islands within the river.

Douglaston maintains its river property as a private fishing area called Douglaston Salmon Run, where limited numbers of fishermen who pay a fee are permitted to fish. Defendants, who are licensed fishing guides, admit that they obtained access to the river from property upstream from plaintiff's property, navigated the river in drift boats, and anchored, fished, and waded in that portion of the river owned by plaintiff. After plaintiff's requests that defendants cease their activities went unheeded, plaintiff commenced this action, alleging a cause of action for trespass and seeking a permanent injunction to prevent defendants from anchoring, fishing or wading in that part of the river within plaintiff's property.

In their answer, defendants admitted that they are licensed sport fishing guides and admitted to having anchored, waded and fished in that part of the Salmon River allegedly owned by plaintiff. They asserted, as an affirmative defense, that the Salmon River is a navigable river, and therefore, subject to the public's right of passage and activity incident thereto. They further asserted, as an affirmative defense, that the public has the right to fish in the navigable waters of New York State, including the Salmon River, which right includes temporarily anchoring and wading in the river for fishing purposes. Plaintiff moved for partial summary judgment on liability and defendants cross-moved for summary judgment dismissing the complaint and for a permanent injunction, enjoining plaintiff from interfering with their use of the Salmon River for fishing.

Defendants appeal from a judgment of Supreme Court that granted plaintiff's motion for partial summary judgment, determining that defendants had trespassed on plaintiff's prop-

erty by anchoring and fishing in that part of the Salmon River that flows over land owned by plaintiff. The court found that the Salmon River was navigable in fact, which gave the public the right of passage over it, but further found that the right of passage did not include the right to fish in that portion of the river that flowed over plaintiff's property.

We disagree. The Salmon River is navigable in fact (*see, State of New York ex rel. New York State Dept. of Envtl. Conservation v Federal Energy Regulatory Commn.*, 954 F2d 56, 62) and the public has the right of "fishing, ferrying and transportation" in the navigable waters of the State, whether they be fresh or salt (*Smith v City of Rochester*, 92 NY 463, 480; *see also*, 59 NY Jur 2d, Fish and Wildlife, § 12, at 473; *People v Dunn*, 159 Misc 2d 536, 537). The right to fish necessarily includes the right to anchor temporarily and to wade (*see*, Annotation, *Public Rights of Recreational Boating, Fishing, Wading, or the Like in Inland Stream the Bed of Which is Privately Owned*, 6 ALR4th 1030, 1051-1053, § 7; *see also, Adirondack League Club v Sierra Club*, 201 AD2d 225, 232, *appeal dismissed* 84 NY2d 978; *People v Kraemer*, 7 Misc 2d 373). It does not, however, include the right to walk upon the banks of the river or to tie a boat or line to an object upon the shore (*see, Hanigan v State of New York*, 213 AD2d 80, 85; *cf., People v Waite*, 103 Misc 2d 204, 207). The actions of defendants in anchoring, wading and fishing in a navigable river do not constitute a trespass and plaintiff's complaint must be dismissed.

Plaintiff's reliance upon *Hooker v Cummings* (20 Johns 90) is misplaced, because the holding in that case rested upon the court's finding that the Salmon River was not navigable, as defined by common law. The opinion of the Attorney-General, that the right to navigate over privately owned freshwater rivers does not include the right to fish (*see*, 1935 Opns Atty Gen 310), upon which Supreme Court relied, is not binding upon this Court. Finally, plaintiff failed to demonstrate that it possessed exclusive fishing rights by express grant (*see, Trustees of Brookhaven v Strong*, 60 NY 56, 67) because the crown grants upon which it relies are not included in the record on appeal.

We decline to reverse the judgment insofar as it denied that part of defendants' cross motion for an injunction to prevent plaintiff from interfering with defendants' right to fish in the Salmon River. Plaintiff acted in a good-faith belief that it possessed exclusive fishing rights and there is no indication in the record that plaintiff will refuse to abide by the decision of this Court (*see, Adirondack League Club v Sierra Club, supra*, at 233).

Accordingly, the judgment should be modified by denying plaintiff's motion and granting in part defendants' cross motion and dismissing the complaint, and as modified should be affirmed.

PINE, J. P., FALLON, CALLAHAN and DAVIS, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by DOERR, J.