■ EDWARD J. FARRELL et al., Appellants, v RICHARD A. STRAM et al., Respondents. [644 NYS2d 395] —Yesawich Jr., J.

Defendants Richard A. Stram and Janet Stram (hereinafter collectively referred to as defendants) are the former owners of a parcel of property abutting that owned by plaintiffs on Oquaga Lake in the Town of Sanford, Broome County. In the fall and winter of 1990 and 1991, when the lake level had been lowered to allow lakefront property owners to work on their docks and lake frontages, plaintiffs and defendants each performed some construction work in or near the lake bed adjoining their respective premises. Plaintiffs cleared an area around their dock to permit boat access, and defendants, after obtaining a permit from the Department of Environmental Conservation (hereinafter DEC), built a retaining wall, constructed the foundation for a boat house and excavated a large hole in the lake bed. In January 1991, defendants dug a foundation for a new house on their property.

In the spring of 1991, while construction of defendants' new house proceeded, plaintiffs noticed an increase in the turbidity of the lake water in front of their property, which they attrib-

uted to defendants' disturbance of the lake bed and the increased runoff occasioned by the removal of vegetation on defendants' property. Although defendants undertook remedial measures, plaintiffs contend that the condition did not improve, prompting them to commence this lawsuit charging defendants, along with Richard Stram's parents (who had since purchased the property from their son and daughter-in-law), with negligence, trespass and nuisance.

A jury trial was held, at the close of which Supreme Court granted defendants' motion to dismiss the causes of action sounding in trespass and nuisance. The negligence claim, however, was submitted to the jury, which found in defendants' favor. Plaintiffs' motion to set aside the verdict was denied and a judgment was entered, from which plaintiffs appeal.

Plaintiffs' contention that the verdict was against the weight of the evidence is unavailing, for a verdict should only be overturned on this basis when the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 747; see also, Fontana v Kurian, 214 AD2d 832, 833, lv denied 86 NY2d 707). Here, the record, taken as a whole, does not reflect such an evidentiary imbalance.

Notably, the jury did not reach the issue of causation—upon which most of the conflicting expert testimony was focused—having found at the very outset that defendants were not negligent in pursuing their construction activities. This finding is supported by the undisputed fact that defendants applied for and obtained a permit from DEC before disrupting the lake bed, coupled with Richard Stram's testimony that he had intended that all work performed on his property be in conformance with that permit, had directed his workers accordingly and had overseen their compliance insofar as he was able. Moreover, Richard Stram testified that once plaintiffs' concerns were brought to his attention, he took action to correct the situation on his own and, when those efforts proved ineffectual, complied fully with the remedial steps suggested by a DEC biologist. This last assertion was confirmed by the DEC representative, who stated not only that the remedial work had been performed satisfactorily but that it had been completed very quickly.

Although plaintiffs place considerable emphasis on the fact that Richard Stram later signed a consent order admitting that he had gone beyond the terms of the DEC permit by digging a hole in the lake bed and constructing a concrete deck

support, this alone is not enough to compel a finding of negligence, particularly in view of the paucity of evidence that he knew or should have known that these actions would cause the problems of which plaintiffs complain.

We also find unpersuasive plaintiffs' argument that Supreme Court erred in dismissing the causes of action grounded in trespass and nuisance. Even accepting plaintiffs' claim that their property rights extend beyond the shoreline (*but see, People v System Props.*, 2 NY2d 330, 342; *City of Geneva v Henson*, 195 NY 447, 462-463), there was not a particle of evidence adduced at trial from which it could be inferred that defendants intended to intrude upon plaintiffs' property, or that they intended to cause, or knew that their actions were substantially likely to cause, the discharge of mud or silt into the water adjacent to plaintiffs' property. Hence, the trespass claim, which requires a showing of intent (*see, Phillips v Sun Oil Co.*, 307 NY 328, 331), and the nuisance claim, insofar as it was based on charges of intentional or reckless conduct (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570-571), were properly dismissed. And, to the extent that the nuisance cause of action was premised on negligence (*see, supra*, at 569), plaintiffs were not prejudiced by its dismissal for the negligence claim was given to the jury to determine (*see, Morello v Brookfield Constr. Co.*, 4 NY2d 83, 90; *cf., Curtis v Town of Clinton*, 183 AD2d 1058, 1060).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.