■ R. JAMES LONG, Appellant, v SAGE ESTATE HOMEOWNERS ASSOCIATION, INC., et al., Respondents. (And a Third-Party Action.) [792 NYS2d 219]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered December 11, 2003 in Albany County,

which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 26, 2004 in Albany County, which denied plaintiff's motion to reargue and/or renew.

Plaintiff's residence, located on a lot in the Village of Menands, Albany County, is abutted on its westerly side by two uphill parcels, one owned by third-party defendant St. Joan of Arc Church and the other by defendant Gary L. Greenhouse. According to plaintiff, his property was never subjected to flooding until Greenhouse purchased a previously undeveloped lot in a subdivision known as Sage Estates in 1994 and thereafter built a home on it. Specifically, plaintiff alleges that as part of the overall construction of the house, Greenhouse significantly expanded an existing berm located toward the rear of his lot. In its final form, the berm was several hundred feet long, approximately four to five feet high and had upwards of 50 pine trees planted on top. During the actual construction of the berm, it was described by Greenhouse as having the appearance of a "dike." In the fall of 1996, during a severe rainstorm, portions of the berm washed out, plaintiff's property was flooded and tons of sand and silt were dumped onto his lot.

As a result, plaintiff commenced the instant action against Greenhouse and the subdivision's homeowners association seeking monetary damages and injunctive relief. In turn, Greenhouse commenced a third-party action against St. Joan of Arc Church, third-party defendant Faddegon's Nursery, Inc. (which had been hired to do general landscaping on the lot but did not construct the berm), third-party defendant Citadel Homes, Inc. (the general contractor for the house) and third-party defendant Roman Catholic Diocese of Albany, New York. After the filing of numerous motions by all parties, Supreme Court issued an order, among other things, granting defendants summary judgment dismissing the complaint. Subsequently, Supreme Court also denied plaintiff's motion for renewal and reargument. Plaintiff appeals.

In granting summary judgment to defendants, Supreme Court essentially agreed with their arguments that (1) the berm had been constructed in good faith and for a legitimate purpose (i.e., to screen Greenhouse's home from the church parking lot) and (2) no action could lie here since no pipes or ditches were used in conjunction with its construction. Indeed, with respect to the channeling of surface waters from one property to another, it is a well-settled common-law rule that "[a] proprietor can improve his [or her] land according to his [or her] own desire in any manner to which the land is suited, without being liable to the

abutting owner for change in the flowage of the surface water provided that he [or she] does not resort to drains, pipes or ditches" (*Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 588 [1958]). In other words, one will be liable if he or she diverts water onto an abutting premises by "artificial means" (*Cottrell v Hermon*, 170 AD2d 910, 911 [1991], *lv denied* 78 NY2d 853 [1991]; *see Archambault v Knost*, 132 AD2d 909, 910 [1987]).

Here, the record before Supreme Court established that the berm was erected adjacent to an existing swale that ran downslope and perpendicular to plaintiff's property. The net effect of the berm was to divert a large volume of water, which had previously flowed over Greenhouse's property in a sheeting fashion, into the narrow swale, thereby creating a "funnel effect." We find that this condition constitutes the artificial collection, concentration and discharge of large quantities of surface water onto another's land sufficient to constitute actionable conduct (*see id.*). In sum, Greenhouse created an artificial funnel which channeled the storm water directly onto plaintiff's land (*see Seifert v Sound Beach Prop. Owners Assn.*, 60 Misc 2d 300, 303-304 [1969]).

The fact that this was accomplished by raising one side of the shallow swale, as opposed to excavating it, is immaterial, as the effect on plaintiff's lot was the same. Said differently, we do not view the common law of this state as condemning the latter practice and at the same time exonerating the former. Consequently, a jury should determine whether the berm "so changed, channeled or increased the flow of surface water onto plaintiff['s] land as to proximately cause damage[ ] to the property, or whether the rainstorm was of such severity that it would have constituted the proximate cause of such damage[ ] notwithstanding the presence of the [berm]" (*Lytwyn v Town of Wawarsing*, 43 AD2d 618, 620 [1973]).[1]

With respect to defendants' argument that they cannot be held liable for the damage to plaintiff's property because no pipe or ditch was utilized in constructing the berm, we are unpersuaded that the Court of Appeals in *Kossoff v Rathgeb-Walsh (supra)* intended to strictly limit the artificial means of water diversion solely to "drains, pipes or ditches." Notably, no such limitation is found in cases that both predate and postdate *Kossoff* (*see Buffalo Sewer Auth. v Town of Cheektowaga*, 20 NY2d 47, 52 [1967]; *Noonan v City of Albany*, 79 NY 470, 476

---

1. The record is insufficient to determine this issue as a matter of law. We also find a question of fact as to whether a portion of the berm was built upon lands owned by the homeowners association thus precluding summary judgment in its favor on this ground.

[1880]). In short, we do not view the actionable "artificial means" (*Cottrell v Hermon, supra; see Archambault v Knost, supra*), which are employed to effect the diversion of water to be limited solely to pipes, drains or ditches.[2]

Since Supreme Court's order rendered other pending motions moot, we are compelled to address plaintiff's motion to increase the ad damnum clause of his complaint, as well as certain third-party defendants' motions for dismissal of the third-party complaint.[3] First, as the record reveals no prejudice to defendants, plaintiff's motion to increase the ad damnum clause of the complaint is granted (*see* Siegel, NY Prac § 217, at 342 [3d ed]). Next, the third-party complaint should have been dismissed with respect to Faddegon's, the Diocese and St. Joan of Arc Church.

The prima facie showing of Faddegon's that it did not, in fact, construct the berm went unrefuted except in conclusory and insufficient terms; therefore, it is entitled to summary judgment. Next, since there was no opposition to the Diocese's assertion that it does not own the adjoining church property, summary judgment should be granted to this party as well. Finally, plaintiff's unrefuted testimony that he had no problems with water diversion until Greenhouse extended the berm establishes that St. Joan of Arc Church did not contribute to the flooding and, therefore, it too is entitled to summary judgment.[4]

With respect to the argument that defendants violated a recorded drainage maintenance agreement, we find sufficient questions of fact on this issue so as to preclude summary judgment in favor of plaintiff or defendants. Finally, the propriety of plaintiff's claim that Supreme Court erred in denying his motion to renew is now academic and thus his appeal from this order is dismissed.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered

**2.** We also reject Greenhouse's argument that he is insulated from liability because Citadel was an independent contractor. Simply stated, where the very thing which is contracted to be done is wrongful and the injury complained of "is a direct and natural result from the work required of the independent contractor" (*Herman v City of Buffalo*, 214 NY 316, 319 [1915]), the owner cannot be relieved of legal liability.

**3.** We note that there has been no appeal from that portion of Supreme Court's order which granted defendant Sage Estate Homeowners Association, Inc. full indemnification from Greenhouse.

**4.** We also find no merit to the claim contained in Greenhouse's proposed amended third-party complaint that St. Joan of Arc Church bears some responsibility for continuing problems because it has refused to permit its property to be altered to accommodate the increased storm flows from Greenhouse's property.

that the order entered December 11, 2003 is modified, on the law, without costs, by reversing so much thereof as (1) granted defendants' motions for summary judgment dismissing the complaint, (2) denied motions by third-party defendants Faddegon's Nursery, Inc., St. Joan of Arc Church and Roman Catholic Diocese of Albany, New York for summary judgment and (3) denied plaintiff's motion to amend the complaint to increase the ad damnum clause; said motions of defendants denied, said motion of plaintiff granted and said motions of said third-party defendants' granted and third-party complaints dismissed against them; and, as so modified, affirmed. Ordered that the appeal from the order entered February 26, 2004 is dismissed, without costs, as academic.