■ GEORGE VANDERSTOW et al., Respondents, v ALBERT F. ACKER, Defendant, and JUDITH D. ACKER, Appellant. [864 NYS2d 813]—

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered February 28, 2007. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the third cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages for flooding on their property allegedly caused by a catch basin and pipe that had been installed by defendants, who owned property adjacent to plaintiffs' property. Defendants had installed the catch basin and pipe in order to carry rain water and melting snow over their property and into Honeoye Lake. Supreme Court properly denied those parts of defendants' motion seeking summary judgment dismissing the negligence and nuisance causes of action. We note at the outset that, subsequent to the motion, defendant Albert F. Acker died and the action was discontinued against him. Contrary to the contention of defendant-appellant, the sole remaining defendant, the nuisance cause of action may be based on allegations of negligent conduct (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977], *rearg denied* 42 NY2d 1102 [1977]; *Chenango, Inc. v County of Chenango*, 256 AD2d 793, 794 [1998]). Further, the court properly concluded that there is a triable issue of fact whether defendants' conduct is actionable based upon evidence submitted by both parties demonstrating that "the improvements on the defendant[s'] land caused the surface water to be diverted . . . and . . . that artificial means were used to effect the diversion" (*Cottrell v Hermon*, 170 AD2d 910, 911 [1991], *lv denied* 78 NY2d 853 [1991]; *see Long v Sage Estate Homeowners Assn., Inc.*, 16 AD3d 963, 964-965 [2005], *lv dismissed in part and denied in part* 5 NY3d 756 [2005]; *Hoffman v Appleman*, 120 AD2d 493, 494 [1986]). In addition, the court properly concluded that there is a triable issue of fact whether the improvements on defendants' property were a proximate cause of the damage to plaintiffs'

property (*see Long,* 16 AD3d at 965; *Lytwyn v Town of Wawarsing,* 43 AD2d 618, 620 [1973]).

The court erred, however, in denying that part of defendants' motion seeking summary judgment dismissing the trespass cause of action, and we therefore modify the order accordingly. Defendants met their initial burden of establishing their lack of intent to intrude upon plaintiffs' property, and plaintiffs failed to raise a triable issue of fact (*see generally Brown v Arcady Realty Corp.,* 1 AD3d 753, 755 [2003], *lv denied* 3 NY3d 606 [2004]; *Farrell v Stram,* 228 AD2d 880, 882 [1996]; *Snyder v Jessie,* 164 AD2d 405, 412 [1990], *lv dismissed* 77 NY2d 940 [1991]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.