# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

20

CA 14-01173

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

MICHAEL M. KROSSBER AND DEBORAH M. KROSSBER,
PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

JAMES CHERNISS AND MARY S. CHERNISS,
DEFENDANTS-RESPONDENTS.

---

ZIMMERMAN & TYO, ATTORNEYS, SHORTSVILLE (JOHN E. TYO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GORIS & O'SULLIVAN, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered January 10, 2014.  The order
granted the motion of defendants for summary judgment and dismissed
the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint is reinstated.

Memorandum:  Plaintiffs commenced this action seeking injunctive
relief and monetary damages based upon damage to their property
allegedly caused by defendants' diversion of additional surface water
onto plaintiffs' property.  Supreme Court erred in granting
defendants' motion for summary judgment dismissing the complaint.  "A
plaintiff 'seeking to recover [from an abutting property owner for the
flow of surface water] must establish that . . . improvements on the
defendant's land caused the surface water to be diverted, that damages
resulted and either that artificial means were used to effect the
diversion or that the improvements were not made in a good faith
effort to enhance the usefulness of the defendant's property' "
(*Villafrank v David N. Ross, Inc.*, 120 AD3d 935, 936; *see Kossoff v
Rathgeb-Walsh*, 3 NY2d 583, 589-590).  Here, defendants established
that their improvements were made in good faith, but they admitted
that they constructed a berm on their property, which may be
considered an artificial means of diverting water (*see Long v Sage
Estate Homeowners Assn., Inc.*, 16 AD3d 963, 965-966, *lv dismissed in
part and denied in part* 5 NY3d 756).  Defendants thus failed to meet
their initial burden of establishing that water was not diverted onto
plaintiffs' property by artificial means (*see Villafrank*, 120 AD3d at
936).  The issue "whether the berm 'so changed, channeled or increased

the flow of surface water onto plaintiff[s'] land as to proximately cause damage[] to the property' " cannot be determined on this motion for summary judgment (*Long*, 16 AD3d at 965).

Entered:  February 6, 2015

Frances E. Cafarell
Clerk of the Court