■ BARBARA COTTRELL, Respondent, v CAROL HERMON, Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered April 24, 1990 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant are the owners of adjoining townhouses located on Haystack Road in the Town of Clifton Park, Saratoga County. Plaintiff's townhouse is set back 13 feet farther from the road than is defendant's townhouse and it is approximately 1½ feet lower in elevation. A 13-foot rear portion of plaintiff's home which abuts defendant's property is aligned with defendant's backyard concrete patio. The patio consists of an original concrete slab and a concrete block extension. In late 1988, plaintiff, who had at that time lived in her home for two years, noticed water seeping into her living room through the wall abutting defendant's property. Thereafter, in August 1989, plaintiff brought this action seeking damages and injunctive relief based upon allegations that, *inter alia,* defendant had negligently/recklessly maintained, repaired or altered her property so as to direct surface water onto plaintiff's property. Following discovery, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court denied both motions and this appeal by defendant followed.

In our view, Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. A landowner in this State will not be liable for damages to abutting property for the flow of surface water resulting from improvements to his land "provided * * * that the improvements are made in good faith to fit the property to some rational use to which it is adapted, and that the water is not drained into the other property by means of pipes or ditches"

*(Kossoff v Rathgeb-Walsh,* 3 NY2d 583, 589-590; *see, Archambault v Knost,* 132 AD2d 909, 910; *Musumeci v State of New York,* 43 AD2d 288, 291, *lv denied* 34 NY2d 517; 63 NY Jur [rev vol], Waters and Watercourses, § 219, at 398-399). Thus, a plaintiff seeking to recover must establish that the improvements on the defendant's land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property *(see, Archambault v Knost, supra).* Here, defendant does not dispute that the water seepage in plaintiff's living room resulted from the diffusion of rainwater from her patio. However, defendant claims on this appeal that plaintiff, who is proceeding on various tort theories of liability *(see, Musumeci v State of New York, supra),* failed to come forward with proof in opposition to her motion establishing at least one of the two alternative elements necessary to make out a prima facie case. We agree.

In support of her motion, defendant submitted, *inter alia,* the transcript of her examination before trial at which she testified that the patio, including the extension, existed as part of the townhouse at the time she purchased the property in 1984. In response, plaintiff did not dispute that defendant had no involvement in the creation of the patio and submitted no proof in evidentiary form tending to establish that defendant maintained, repaired or altered the patio by using artificial means such as pipes, drains or ditches to divert surface water onto plaintiff's property. In this regard, we note that plaintiff's assertion that the patio itself constitutes "artificial means" is entirely inconsistent with the Court of Appeals' decision in *Kossoff v Rathgeb-Walsh* (3 NY2d 583, *supra),* where it was held that the defendant's construction of a black-topped lot as part of his service station did not give rise to liability for the resulting surface water damage to the plaintiff's land in the absence of any proof that the defendant utilized pipes, drains or ditches. Further, it is our view that the patio is clearly a rational use of defendant's property *(see, Theofilatos v Koleci,* 105 AD2d 514, 515) and plaintiff has raised no question of fact concerning good faith *(see, Kossoff v Rathgeb-Walsh, supra,* at 590). Accordingly, defendant was entitled to summary judgment dismissing the complaint.

Order modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and

complaint dismissed; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.