◼ NANCY WARE, Appellant, v BAXTER HEALTH CARE CORPORATION, Respondent. [807 NYS2d 679]—

Mugglin, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 13, 2004 in Albany County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Defendant designs, produces and sells, among other things, a microclean high top shoe cover. In 1985, plaintiff was employed by General Electric as a process technician in its research and development laboratory, a sterile environment which required plaintiff to wear full clean room environmental lab attire, including shoe covers sold by defendant. While working in the lab, plaintiff fell sustaining serious personal injury. In 1988, plaintiff commenced this action asserting causes of action for negligence and strict product liability, both of which allege defects in the manufacture and design of the shoe covers, and breach of the implied warranty of merchantability. According to the complaint, plaintiff's fall occurred when the "paper portion" of the shoe cover came in contact with the floor. Following an unsuccessful attempt to obtain additional discovery, plaintiff filed a trial term note of issue. Immediately thereafter, defendant sought an order either dismissing the case as abandoned pursuant to CPLR 3404 or for summary judgment dismissing the complaint. In opposition, plaintiff submitted her deposition testimony and an expert's report in support of her claim.

by Supreme Court in that unrelated action (*see generally Gilberg v Barbieri*, 53 NY2d 285, 291-292 [1981]).

Subsequently, defendant moved to preclude the expert's report. Supreme Court, finding the case was not abandoned, granted defendant's motion for summary judgment and declared defendant's motion for preclusion moot. Plaintiff appeals.

A motion for summary judgment should be entertained only after the moving party has established, by competent admissible evidence, that it is entitled to judgment as a matter of law (*see* CPLR 3212 [b]; *Haggray v Malek*, 21 AD3d 683, 684 [2005]). If the movant meets this initial burden, the opposing party is required to submit evidence which raises a material issue of fact to preclude an award of summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The central allegation made by plaintiff is that the upper portion of the shoe cover, which extended to just below the knee, would slide down causing the legging material to surround her foot and, when she stepped back, she slipped on this material and fell. The affidavit of defendant's quality supervisor, submitted in support of the summary judgment motion, explains that the sole of the shoe cover is made of polyvinyl chloride film which has a high coefficient of friction and that the top is made of "Tyvek," a polyethylene product. The affidavit does not address the coefficient of friction for "Tyvek" nor plaintiff's complaint that the elasticized top was inadequate to keep the shoe cover from slipping. Having failed to address plaintiff's principal contention, defendant did not shift the burden to plaintiff to lay bare her proof and summary judgment should not have been granted (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion for summary judgment; motion denied; and, as so modified, affirmed.