■ FLORENCE SMITH et al., Appellants, v TOWN OF LONG LAKE et al., Respondents. [837 NYS2d 391]—

Carpinello, J. Appeal from an order of the Supreme Court (Sise, J.), entered May 22, 2006 in Hamilton County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

In the fall of 1997, defendants repaved School Street in the Town of Long Lake, Hamilton County. Almost seven years later, in April 2004, plaintiffs, who own a house adjacent to that street, filed a notice of claim with defendants and, in September 2004, commenced this action in trespass, nuisance and negligence alleging that the repaving encroaches on their property by 5 to 10 feet and causes an increased volume of surface water to be discharged onto their property. According to plaintiffs, this runoff is eroding their property and compromising the structural integrity of their home. Plaintiffs seek injunctive relief as well as monetary damages. Defendants moved for summary judgment dismissing the complaint as barred by the statute of limitations. Plaintiffs opposed that motion and cross-moved for summary judgment. Supreme Court granted defendants' motion, resulting in this appeal.

Essentially, plaintiffs' complaint alleges (1) a continuing trespass with respect to the alleged encroachment of pavement onto their property, (2) a trespass and nuisance due to the increased water runoff resulting in damages and (3) negligence in paving and grading the road resulting in damages to their property. Plaintiffs initially contend that Supreme Court erred in finding that the alleged encroachment—consisting of a 5-to 10-foot paved strip—is a de facto taking rather than a trespass. We disagree.

While a trespass and a de facto taking are similar, an entry onto the property of another cannot be both a trespass and a taking (*see Feder v Village of Monroe*, 283 AD2d 548, 549

[2001]). Importantly, "a de facto appropriation differs from a trespass by the extent of its egregiousness and permanence" (*Sassone v Town of Queensbury*, 157 AD2d 891, 893 [1990] [citation omitted]). The record in this case reveals that "[t]here is no triable issue here concerning whether a de facto taking occurred . . . [since] defendant[s] permanently interfered with plaintiff[s'] physical use, possession and enjoyment" (*id.*) of that portion of the property which was paved and made part of the public thoroughfare. Indeed, plaintiffs' argument that the facts of this case constitute a continuing trespass, as opposed to a de facto taking, is contrary to this Court's precedent, namely, *Matter of Albany Hous. Auth. v Hennessy* (74 AD2d 710 [1980]), wherein we held specifically that the permanent placement of highway structures on another's property constituted a de facto taking. In short, if the interference with the owner's use of the land is complete, it can only be a de facto taking not a trespass (*see Stewart v State of New York*, 248 AD2d 761, 762 [1998]).

With respect to the timeliness of plaintiffs' claims for trespass and nuisance relating to the alleged diversion of surface water onto the remainder of their property, we note the following. While claims for continuing trespass and nuisance generally give rise to successive causes of action that accrue each time a wrong is committed (*see Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 446 [1991]; *Kulpa v Stewart's Ice Cream*, 144 AD2d 205, 207 [1988]; *see also 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 52 [1964]), to establish liability for damages from the flow of surface water onto their property plaintiffs were required to establish that the surface water was diverted by defendants by artificial means or that "the improvements were not made in a good faith effort to enhance the usefulness of the defendant[s'] property" (*Cottrell v Hermon*, 170 AD2d 910, 911 [1991], *lv denied* 78 NY2d 853 [1991]; *see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]). Paving alone—as opposed to pipes, sluices, drains or ditches—does not constitute artificial means of diversion (*see Cottrell v Hermon, supra* at 911; *see also Friedland v State of New York*, 35 AD2d 755, 756 [1970]). Having failed to establish that defendants utilized any artificial means to divert water or that the road grading and paving were undertaken in bad faith (*compare Congregation B'nai Jehuda v Hiyee Realty Corp.*, 35 AD3d 311, 312-313 [2006], *with Long v Sage Estate Homeowners Assn., Inc.*, 16 AD3d 963, 965 [2005], *lv dismissed and denied* 5 NY3d 756 [2005]), plaintiffs' claims in this regard were also properly dismissed as they are legally insufficient.

Finally, we find no reason to disturb Supreme Court's dis-

missal of the negligence causes of action for failure to timely serve defendants with a notice of claim. It is well settled that service of a notice of claim on the municipality within 90 days after the happening of the event is a condition precedent to maintaining a negligence cause of action against that municipality (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1]). Although service of a notice of claim is not required where the cause of action is in equity and money damages are merely incidental (*see Condello v Town of Irondequoit*, 262 AD2d 940, 941 [1999]), we are of the view that the principal objective of the negligence causes of action herein is monetary rather than equitable. Inasmuch as plaintiffs did not serve the notice of claim until 2004, plaintiffs' causes of action in negligence were properly dismissed (*see Klein v City of Yonkers*, 53 NY2d 1011, 1012 [1981]; *Condello v Town of Irondequoit, supra* at 941).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.