STEVEN J. BAKER, Respondent-Appellant, v CITY OF PLATTSBURGH et al., Respondents, and ROBERT M. SUTHERLAND, INC., Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [847 NYS2d 300]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered August 4, 2006 in Clinton County, which, among other things, denied a motion by defendant Robert M. Sutherland, Inc. for summary judgment dismissing the cross claims against it.

Plaintiff commenced this action against defendants City of Plattsburgh, Clyde Rabideau and George Miller (hereinafter collectively referred to as defendants), and defendant Robert M. Sutherland, Inc. (hereinafter Sutherland), among others, alleging that a utilities renovation and paving project involving a city street, a parking lot, and a parcel owned by defendant New York State Electric & Gas Corporation (hereinafter NYSEG) resulted in increased surface water runoff and other damage to his adjacent property. Seeking indemnification and contribution, defendants then asserted cross claims* against, among another, Sutherland, which was the engineering firm hired to design the parking lot renovation project, and third-party claims against a different contractor. Sutherland answered and moved for sum-

---

* Although defendants actually brought what they deemed a third-party action against Sutherland, since Sutherland was already a named defendant in the original action, said claims were, in fact, cross claims and we will refer to them as such herein.

mary judgment dismissing the complaint and the cross claims against it. Defendants cross-moved for summary judgment dismissing the complaint against it and opposed that part of Sutherland's motion seeking dismissal of their cross claims.

Supreme Court granted defendants summary judgment dismissing those causes of action against them alleging property damage due to water runoff. The court also dismissed the complaint against Sutherland after plaintiff conceded that he never properly served Sutherland. However, the court denied that part of Sutherland's motion seeking dismissal of the cross claims against it. Sutherland now appeals and plaintiff cross-appeals.

Landowners making improvements to their land are not liable for damage caused by any resulting flow of surface water onto abutting property as long as the improvements are made in a good faith effort to enhance the usefulness of the property and no artificial means, such as pipes and drains, are used to divert the water thereon (*see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *Smith v Town of Long Lake*, 40 AD3d 1381, 1383 [2007]; *Cottrell v Hermon*, 170 AD2d 910, 910-911 [1991], *lv denied* 78 NY2d 853 [1991]; *Musumeci v State of New York*, 43 AD2d 288, 290-291 [1974], *lv denied* 34 NY2d 517 [1974]). Here, plaintiff claims that he experienced increased water runoff onto his property as a result of the renovation project which involved burying utility lines under the street and NYSEG's lot, repaving the street, as well as regrading and repaving the parking lot. Defendants and Sutherland submitted sufficient evidence to establish that the project was legitimately undertaken in a good faith effort to improve the utilities, the street and the parking lot, and the record contains no evidence that pipes, drains or other artificial means were used to divert the water onto plaintiff's property. As plaintiff did not demonstrate that an issue of fact exists (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), his claims alleging damages due to water runoff were properly dismissed.

Plaintiff's remaining causes of action allege trespass, due process rights violations and zoning ordinance violations. However, since neither defendants nor Sutherland specifically addressed these claims in their motion papers, summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Ames v Paquin*, 40 AD3d 1379, 1380 [2007]; *Ware v Baxter Health Care Corp.*, 25 AD3d 863, 864 [2006]).

Finally, in their cross claims, defendants alleged that they were entitled to indemnification and contribution from Sutherland for any damages caused by defects in Sutherland's design

of the project. While Sutherland submitted evidence to establish that the project was properly designed to prevent water runoff damage to plaintiff's property, it did not demonstrate that the design of the project was unrelated to plaintiff's remaining claims. Thus, summary judgment dismissing those claims was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Ames v Paquin*, 40 AD3d at 1380; *Ware v Baxter Health Care Corp.*, 25 AD3d at 864).

Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.