■ JANESIA FULLER-MOSLEY, Plaintiff, v UNION THEOLOGICAL SEMINARY et al., Respondents, and SCORCIA & DIANA ASSOCIATES, INC., Appellant, et al., Defendants. SCORCIA & DIANA ASSOCIATES, INC., Third-Party Plaintiff-Appellant, v FOCUS LIGHTING, INC., et al., Third-Party Defendants, and VENEZIA BISHOP & PARTNERS, P.C., et al., Third-Party Defendants-Respondents. [851 NYS2d 401]—

Judgment, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 20, 2006, in an action for personal injuries, insofar as appealed from, awarding defendant architect contractual indemnification against defendant general contractor in the principal amount of $283,499.20, unanimously modified, on the law and the facts, to deduct from such award any legal fees incurred in pursuing the claims for contractual indemnification, and otherwise affirmed, without costs, and the matter remanded to the trial court to determine the amounts of such deductions, if any.

The general contractor concedes liability to the architect on its claims for contractual indemnification, but argues, correctly, that under its contract with the owner, the architect is entitled to be indemnified only for attorneys' fees attributable to its

defense of claims arising out of its work, not its pursuit of claims for indemnification (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]), and that the architect failed to make this necessary differentiation. In this regard, it appears that the trial court entered judgment in favor of the architect in the amount requested, without giving any consideration to the amount, if any, it expended in establishing its right to contractual indemnification. As the record is inadequate to determine the amounts, if any, expended in the pursuit of the indemnification claim, remand to the trial court is necessary. On remand, the trial court is also to address the reasonableness of the legal fees sought by the architect, concerning which the present record is bereft of evidence. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.