(June 17, 2008)

■ MADELINE AGRICOLA, Respondent, v CITY OF NEW YORK et al., Respondents, BAY CRANE SERVICE, INC., Defendant and

Third-Party Plaintiff-Appellant-Respondent, and MASPETH SUP-
PLY COMPANY, LLC, Respondent-Appellant. NORTHEAST SER-
VICES, INC., Third-Party Defendant-Respondent. [860 NYS2d 194]—

In an action to recover damages for personal injuries, the de-
fendant third-party plaintiff appeals, as limited by its brief,
from so much of an order of the Supreme Court, Kings County
(Hinds-Radix, J.), dated March 7, 2007, as granted that branch
of the third-party defendant's motion which was for summary
judgment dismissing the third-party complaint and denied that
branch of its cross motion which was for summary judgment on
so much of the third-party complaint as sought a defense and
indemnification from the third-party defendant, and the defen-
dant Maspeth Supply Company, LLC, cross-appeals from stated
portions of the same order.

Ordered that the cross appeal by the defendant Maspeth Sup-
ply Company, LLC, is dismissed as abandoned (see 22 NYCRR
670.8 [e] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from
by the defendant third-party plaintiff; and it is further,

Ordered that one bill of costs is awarded to the third-party
defendant payable by the defendant third-party plaintiff.

The plaintiff allegedly was injured when she tripped over a
pothole. She commenced this action seeking damages for
personal injuries against, among others, Bay Crane Service, Inc.
(hereinafter Bay Crane). Bay Crane then initiated a third-party
action seeking, among other things, a defense and indemnifica-
tion from Northeast Services, Inc. (hereinafter Northeast). Bay
Crane had rented a crane to Northeast that had been used in
the general vicinity of where the pothole was located, although
not on the same street.

The rental agreement between Bay Crane and Northeast
included an indemnification clause. The plain terms of the
indemnification clause provide that Northeast would be required
to defend and indemnify Bay Crane for any claims "occasioned
by the operation, handling or transportation of this equipment
during the rental period."

The Supreme Court properly determined that the indemnification clause did not require Northeast to provide a defense and indemnification under the circumstances presented here (*see Sievert v Morlef Holding Co.*, 241 AD2d 445 [1997]). The record showed, as a matter of law, that the plaintiff's injuries were not occasioned by Northeast's use of this equipment, and as such, the indemnification clause was never triggered (*see Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053 [2008]; *Fuller-Mosley v Union Theol. Seminary*, 47 AD3d 487 [2008]; *Loiek v 1133 Fifth Ave. Corp.*, 46 AD3d 766 [2007]). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.