■ EDDIE COTTON, Appellant, v RAYMOND F. BEAMES et al., Respondents. [905 NYS2d 295]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered April 22, 2009 in Otsego County, upon a decision of the court in favor of defendants.

Plaintiff and defendants own adjoining properties at the base of a large hill. When defendants constructed a pond on the lower portion of the hill behind their home to collect surface water and control the flow of the water on their land, they channeled the pond's overflow into a swale that was created to direct the water westerly into an existing swale at the base of the hill on plaintiff's land. Later, plaintiff constructed a home approximately 100 feet away from the swale on his land and discovered that his basement flooded whenever there was visible water running from defendants' property along the surface of the connected swales. Alleging that defendants negligently constructed the pond and wrongfully diverted water onto his land, plaintiff commenced this action to recover for the damage to his basement.

At the nonjury trial, plaintiff did not offer any expert evidence. Instead, he relied upon the testimony of himself and others to the effect that his land had no significant amount of surface water runoff until after defendants constructed their pond and swale. In response, defendants presented evidence that plaintiff's land had flooded regularly before the pond was constructed. They offered the opinion of their expert, a licensed civil engineer with experience in hydrology, that the same amount of water would have run down the hillside and collected at the bottom regardless of the pond, and that the east-west slope between the parties' lands would then carry the water onto plaintiff's land even in the absence of defendants' swale. Crediting the expert's testimony, Supreme Court found that defendants were not liable to plaintiff because the surface water from the hill behind both properties would have flowed onto his land even if defendants had not constructed the pond and swale, and dismissed the complaint. Plaintiffs appeal and we affirm.

In an appeal from a determination following a nonjury trial,

"we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where, as here, they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *accord Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d 1289, 1291 [2007]). To establish liability for the flow of surface water onto his property, plaintiff was required to establish not only that the surface water was diverted by artificial means, but that this diversion caused the flooding of his basement (*see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *Smith v Town of Long Lake*, 40 AD3d 1381, 1383 [2007]; *Cottrell v Hermon*, 170 AD2d 910, 910-911 [1991], *lv denied* 78 NY2d 853 [1991]).

Upon our review of the record, we find that plaintiff succeeded in showing that defendants had used artificial means to concentrate the flow of surface water from their part of the hillside onto plaintiff's land (*see Long v Sage Estate Homeowners Assn., Inc.*, 16 AD3d 963, 965 [2005], *lv dismissed and denied* 5 NY3d 756 [2005]). We also find, however, that the opinions of defendants' expert that this would have occurred in any event and the pond added no water to the equation were based upon facts in the record, including the topography of the land, his own observations of the property and the testimony of defendants' witnesses (*see Pember v Carlson*, 45 AD3d 1092, 1094 [2007]). Deferring to Supreme Court's assessment of the credibility of the expert and of the other witnesses who described how the surface waters had flowed in the past (*see Lopez v Adams*, 69 AD3d 1162, 1165 [2010]), we agree that plaintiff failed to establish that defendants' actions proximately caused the damage to his basement (*see Sellnow v O'Donnell*, 84 AD2d 589, 589 [1981]).

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.