■ · ERNEST G. BURGHER et al., Appellants, v AF III PROPERTIES, LLC, Respondent. [915 NYS2d 408]—

Kavanagh, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 25, 2009 in Otsego County, which, among other things, partially denied plaintiffs' motion for summary judgment.

Plaintiffs operate an automotive repair shop in the Town of Oneonta, Otsego County, which is located on property immediately adjacent to a shopping center owned by defendant. Plaintiffs enjoy a right-of-way on the western boundary of defendant's property, which their customers use to access the garage bays located on the side of their repair shop. After defendant repaved portions of a driveway located on its property and made repairs to the shopping center's roof, plaintiffs commenced this action alleging that these improvements, some of which were made when defendant trespassed onto their property, served to divert water onto plaintiffs' property damaging it and interfering with their use of the right-of-way. In addition to money damages, plaintiffs seek an order requiring defendant to alter the drainage system on the shopping center's roof so that water will no longer drain onto their property. Plaintiffs also asked for a declaration that they have a perpetual prescriptive easement along the right-of-way to be used for ingress and egress into their auto repair shop. While Supreme Court granted plaintiffs' motion declaring that they had acquired a commercial prescriptive easement over defendant's property, it otherwise denied their motion for summary judgment. Plaintiffs now appeal.

We begin by noting that because issues of fact exist, Supreme Court did not err in partially denying plaintiffs' motion for summary judgment. Plaintiffs claim that Supreme Court should have granted summary judgment on their claim that the improvements made by defendant to its property served to increase the flow of water onto plaintiffs' property, damaging it

and interfering with their use of the right-of-way. "Landowners making improvements to their land are not liable for damage caused by any resulting flow of surface water onto abutting property as long as the improvements are made in a good faith effort to enhance the usefulness of the property and no artificial means, such as pipes and drains, are used to divert the water thereon" (*Baker v City of Plattsburgh*, 46 AD3d 1075, 1076 [2007] [citations omitted]; *see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]; *accord Smith v Town of Long Lake*, 40 AD3d 1381, 1383 [2007]). Here, plaintiffs allege that they have established as a matter of law that by repaving the driveway and altering the drainage system on the shopping center's roof, defendant employed an artificial means, which diverted runoff water onto plaintiffs' property. However, defendant's owner offered testimony that the improvements made to its property were modest and involved minor repairs to the building's roof and a portion of its driveway. Moreover, defendant presented expert testimony that rain water runs onto plaintiffs' property not as the result of any changes that defendant made to its property, but as a result of the contour and natural grade of the land in the area (*see Smith v Town of Long Lake*, 40 AD3d at 1383). Although plaintiffs claim that the improvements made by defendant have served to alter the grade of the property, a question of fact has been created on this issue by the competing affidavits submitted by the parties, and whether the contour of the property, even if altered by defendant, was done "for the express purpose of diverting water onto [plaintiffs'] property" (*Congregation B'nai Jehuda v Hiyee Realty Corp.*, 35 AD3d 311, 313 [2006]).

Plaintiffs also argue that summary judgment should have been granted on their claim that defendant trespassed onto their property because defendant permitted workers making these improvements to go onto plaintiffs' property to excavate the right-of-way and deposit debris on it. However, plaintiffs have failed to submit any evidence that defendant directed these workers to enter their property when making these improvements (*see Spellburg v South Bay Realty, LLC*, 49 AD3d 1001, 1002-1003 [2008]; *Golonka v Plaza at Latham*, 270 AD2d 667, 670 [2000]). Moreover, in addition to denying knowledge that debris had been left on plaintiffs' property, defendant produced a contract it had with its contractor that required all debris to be removed by the contractor from the site. For these reasons, Supreme Court's decision partially denying plaintiffs' motion for summary judgment should, in all respects, be affirmed.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.