Thomas Brightman, Appellant, v Archie B. Hackett, Jr., Doing Business as Burt's Truck Repair, Respondent. [917 NYS2d 730]—

Garry, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered December 4, 2009 in Chenango County, upon a decision of the court in favor of defendant.

In September 2004, plaintiff purchased a used bulldozer for the purpose of constructing a campground on his property in the Town of Plymouth, Chenango County. Two months later, after plaintiff had operated the bulldozer for approximately 100 hours, its low oil pressure light came on. Plaintiff brought the bulldozer to defendant, the owner of a heavy equipment repair business. Defendant performed repairs and service including changing all of the bulldozer's fluids and filters. When the repairs were complete, plaintiff picked up the bulldozer and began using it to dig a pond. It malfunctioned and became inoperable in August 2005, after 90 hours of operation. Plaintiff returned the machine to defendant for further repairs, but thereafter failed to pay the balance due for this work.

In December 2006, plaintiff commenced this action alleging, among other things, that the bulldozer's August 2005 malfunction was caused by defendant's negligent repairs. Defendant answered the complaint and counterclaimed for, among other things, the balance due. After a nonjury trial, Supreme Court rendered a decision in defendant's favor and granted judgment upon the counterclaim. Plaintiff appeals.

In an appeal from a judgment following a nonjury trial, this Court "independently review[s] the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where . . . they rest largely upon credibility assessments" (*Cotton v Beames*, 74 AD3d 1620, 1622 [2010] [internal quotation marks and citations omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918, 920 [2003],

*lv denied* 1 NY3d 502 [2003]; *but see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Upon our independent review of the record, we find no reason to disturb Supreme Court's determination.

To prevail, plaintiff was required to establish by a preponderance of the evidence that the damage to his bulldozer was proximately caused by defendant's negligence. In this effort, plaintiff was not obligated to show that no other plausible causes existed, but he was required to prove that any alternative causes were sufficiently remote to permit the factfinder to base a determination in his favor on logical inferences from the evidence rather than speculation (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Timmins v Benjamin*, 77 AD3d 1254, 1256 [2010]). At trial, plaintiff testified that when the bulldozer malfunctioned in August 2005, he found that a drain plug was missing from the underside of the machine's right final drive and there was no oil in that part of the mechanism. Plaintiff offered two alternative theories of causation for the resulting malfunction, contending either that defendant failed to replace the oil in the final drive after removing it during the first repair, or he did replace the oil but failed to fasten the drain plug securely in place, allowing the plug to fall out and the new oil to drain away. Two expert witnesses familiar with bulldozers testified for plaintiff that, among other things, they had never known a properly-installed drain plug to fall out during use; in their opinions, this could not happen unless the drain plug had been loosely or improperly installed. They also opined that if no oil had been installed in the final drive during the first repair, the bulldozer could have continued to operate for 90 hours before it malfunctioned. Plaintiff contends that this evidence established that it was "more likely or more reasonable" that the loss of oil and consequent damage to the machinery was caused by defendant's negligence than by any other cause (*Gayle v City of New York*, 92 NY2d at 937 [internal quotation marks and citations omitted]), and thus, that Supreme Court's decision in defendant's favor was against the weight of the evidence.

Defendant, however, testified that the drain plug was properly installed during the first repair but was later knocked out of place when plaintiff struck a rock or other obstacle while operating the bulldozer. Defendant stated that the right final drain plug on plaintiff's bulldozer was particularly vulnerable to such damage. He testified that he discovered during the first repair that the underside of the right final drive in the drain plug area was damaged and worn, that a guard intended to protect the

drain plug was missing, and that the drain plug itself was "worn off so severely it was all the way to the 'O' ring, ready to break through the 'O' ring which was going to cause leaks." According to defendant, the drain plug and bolts in that area had worn down so close to the surface of the final drive that they had to be removed with an air chisel rather than a wrench. Defendant testified that he did not attempt to replace the missing guard because he judged the metal in the area too thin to be safely welded; instead, he switched the worn drain plug with a functional fill plug from an upper opening. He further testified that the replaced plug was fastened into place with enough torque to hold it in place under normal circumstances, and that the final drive was then refilled with oil; this testimony was supported by an invoice showing that defendant was charged for this oil. He testified that he told plaintiff about the swapped plugs and warned him that the unguarded, protruding plug would need to be checked regularly. Finally, defendant testified that after the machine's August 2005 malfunction, he noticed that the area around the drain plug was "shined up from stones hitting it," and he presented a photograph of rocky soil on plaintiff's property.

With regard to plaintiff's theory that defendant failed to put any oil into the final drive during the first repairs, we defer to Supreme Court's apparent credibility determination in favor of defendant's testimony to the contrary (*see Cotton v Beames*, 74 AD3d at 1621-1622; *Alternatives Fed. Credit Union v Olbios, LLC*, 14 AD3d 779, 780 [2005]). Notably, plaintiff presented no direct evidence that the oil was not replaced other than his testimony that he checked the bulldozer regularly for leaking fluids and saw none. Further, he acknowledged that he did not check the drain plug and did not know if there was oil in the final drive before the bulldozer malfunctioned. Accordingly, the judgment was not against the weight of the evidence on this theory.

As to plaintiff's theory that defendant improperly replaced the drain plug during the first repairs, Supreme Court apparently credited defendant's testimony that the plug was properly installed, as well as his description of the worn state of the final drive. Plaintiff acknowledged at trial that defendant had told him that the plugs had been swapped, and presented no evidence that the methods defendant used to remedy the worn guard and final drive were negligent or improper. We accord deference to the court's assessment of the weight and credibility to be assigned to the opinions of plaintiff's experts that a properly-installed plug would not have fallen out (*see Matter of Rowe,*

274 AD2d 87, 92 [2000], *lv denied* 96 NY2d 707 [2001]; *Levy v Braley*, 176 AD2d 1030, 1033 [1991]). Notably—in contrast with defendant's detailed familiarity with the bulldozer's final drive, having spent many hours repairing it—neither expert had personally examined that part of the bulldozer, and neither offered any opinion as to whether a plug could fall out of a final drive that was worn and damaged in the manner defendant described (*compare Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 696 [2003]). Accordingly, we are persuaded that plaintiff did not prove that possible causes other than defendant's negligence were merely "remote or technical" (*Gayle v City of New York*, 92 NY2d at 937 [internal quotation marks omitted]) and, thus, did not establish by a preponderance of the evidence that defendant's negligence caused the damage to his bulldozer.

Peters, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.