Lahtinen, J.E
Appeal from an order of the Supreme Court (Lebous, J.), entered December 6, 2012 in Broome County, upon a decision of the court in favor of plaintiffs.
In a prior lawsuit between the parties, plaintiffs alleged that, for 2V2 years after defendant left her position as an agent at plaintiffs’ real estate agency, she repeatedly accessed the agency’s voice mail system, pilfering confidential business information and damaging plaintiffs by over $1 million. That litigation terminated in a multi-page confidential settlement in August 2007, which included, as relevant here, an agreement by defendant to surrender her real estate license and cease acting as a real estate agent or broker by September 1, 2007. In 2009, plaintiffs learned that defendant was again selling real estate in the area and, when she ignored their cease and desist letter, this action followed. In a prior appeal in this action, we stated that “[t]he parties’ conflicting interpretations of the settlement agreement present issues requiring further development” (84 AD3d 1570, 1571 [2011]). A nonjury trial ensued after which Supreme Court rendered a written decision finding that plaintiffs’ proof was “factual and straightforward” whereas defendant’s testimony was “evasive, equivocal and lacking in credibility.” The court determined that the intent of the parties when the settlement agreement was executed—as reflected by the agreement and the credible proof at trial—was that defendant would permanently cease acting as a real estate agent or broker in New York. Defendant appeals.
We affirm. “In an appeal from a determination following a nonjury trial, we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge’s factual find *1211 ings particularly where . . . they rest largely upon credibility assessments” (Cotton v Beames, 74 AD3d 1620, 1621-1622 [2010] [internal quotation marks and citations omitted]; accord Brightman v Hackett, 81 AD3d 1200, 1200 [2011]). There is no reason here to reject Supreme Court’s credibility findings and, after independently reviewing the proof in the record, the evidence supports Supreme Court’s interpretation of the settlement agreement. Moreover, that interpretation is consistent with and reflective of the language of the agreement. Among other things, plaintiffs’ proof established that they were concerned about and made clear that keeping defendant from using in the future valuable information that she had misappropriated from their business was an important part of any settlement. Based in part upon such concern being addressed by the settlement, they agreed to it and to accept damages that were significantly less than they had reportedly sustained. Supreme Court further found, and the evidence supports, that defendant was motivated to settle quickly to avoid potential additional serious consequences for her conduct. Defendant’s contention that the surrender of her license was intended to last only one year is unsupported by the agreement or credible evidence.
Relying upon cases involving noncompete clauses in employment contracts (see e.g. BDO Seidman v Hirshberg, 93 NY2d 382, 388-389 [1999]), defendant argues that Supreme Court’s interpretation of the settlement agreement violates public policy. Those line of cases are inapposite to the facts at hand. The current restriction was not entered into as a condition of or during defendant’s work relationship with plaintiffs. When that relationship ended, defendant’s ability to work as a real estate agent was not hampered and she was free to compete with plaintiffs. However, she thereafter allegedly engaged in egregious conduct resulting in plaintiffs commencing a lawsuit against her. With the assistance of counsel, she elected to enter into a detailed confidential settlement early in that litigation whereby, among other things, she agreed to cease working as a real estate agent or broker in New York in exchange for a significant decease in her exposure to monetary damages, as well as ending a matter that potentially implicated other serious consequences. Under the circumstances, the relevant restriction did not violate public policy (see generally Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, 46 NY2d 450, 456 [1979], cert denied 444 US 845 [1979] [“Judicial acceptance of compromises in which the most fundamental of rights are waived is not uncommon”]). The remaining arguments have been considered and are unavailing.
*1212 McCarthy, Garry and Egan Jr., JJ., concur.
Ordered that the order is affirmed, with costs.