■ KENNETH W. CUSSON, Plaintiff, v THE HILLIER GROUP, INC., Defendant and Third-Party Plaintiff-Appellant. CHARLES F. EVANS COMPANY, INC., Third-Party Defendant-Respondent. [15 NYS3d 267]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Rumsey, J.), entered February 5, 2014 in Cortland County, which, among other things, granted third-party defendant's

tion that the email constituted a party admission, raised for the first time on appeal, is unpreserved.

motion for summary judgment dismissing the third-party complaint.

In this personal injury action, plaintiff, an employee at Cornell University, alleges that defendant, an architecture firm, committed professional malpractice in its design, planning and construction of Mews Hall on the Cornell campus in the City of Ithaca, Tompkins County. He further alleges that said malpractice, committed in 2000, caused ice and snow to fall from the roof of the building and injure him in March 2005. In January 2012, defendant commenced a third-party action against third-party defendant, the roofing subcontractor on the project, alleging contribution and common-law indemnification, predicated on third-party defendant's negligence. After answering, third-party defendant moved for summary judgment dismissing the third-party complaint. Defendant opposed the motion and cross-moved to amend the third-party complaint to include a cause of action for contractual indemnification. Supreme Court granted third-party defendant's motion and denied defendant's cross motion. Defendant now appeals.

Supreme Court erred in granting third-party defendant's motion for summary judgment dismissing the third-party complaint because third-party defendant did not meet its prima facie burden of establishing that it installed the snow guards specified by defendant's plans. "A builder or contractor is justified in relying upon the plans and specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *accord Gee v City of New York*, 304 AD2d 615, 616 [2003]; *see Perales v First Columbia 1200 NSR, LLC*, 88 AD3d 1213, 1216 [2011]). Defendant argues that third-party defendant failed to establish as a matter of law that it adhered to defendant's plans and installed the specified model of roof snow guard, referred to as number 10, rather than a different model of snow guard, referred to as number 30, which defendant alleges that third-party defendant installed.

In support of its motion, third-party defendant supplied the testimony and affirmation of Garey Stout, its former president and the person responsible for the roofing project. Stout testified that he had visually examined the roof installation after it was completed and that third-party defendant had installed snow guards according to defendant's plans. However, at his deposition, Stout was confronted with a number 30 snow guard, and he admitted that he could not identify whether or not it

was the model of snow guard that third-party defendant had installed on the roof.

Viewing this evidence in the light most favorable to defendant, the nonmoving party, and according it "the benefit of every reasonable inference" (*Beckerleg v Tractor Supply Co.*, 107 AD3d 1208, 1209 [2013] [internal quotation marks and citations omitted]), Stout's admission indicated that he could not visually distinguish a model 10 snow guard from a model 30 snow guard. Viewed in the same manner, such an admission that he could not visually distinguish between the two models undermined his statement that his visual inspection of the completed roof supplied him with personal knowledge that third-party defendant had installed the specified snow guards. Stout did not provide testimony that he somehow otherwise confirmed that model 10 snow guards were installed, and third-party defendant did not provide any other evidence establishing that it had installed the specified snow guards. Accordingly, given that third-party defendant's submissions reveal a material issue of fact regarding whether it installed the snow guard specified by defendant's plans, third-party defendant failed to meet its prima facie burden, and its motion for summary judgment should have been denied (*see McNally v Kiki, Inc.*, 92 AD3d 1105, 1107 [2012]; *Kropp v Corning, Inc.*, 69 AD3d 1211, 1212-1213 [2010]).

We do find, however, that Supreme Court properly denied defendant's cross motion to amend the third-party complaint to add a contractual indemnification cause of action. The indemnification clause did not apply to the circumstances related to the alleged injury (*see Agricola v City of New York*, 52 AD3d 627, 629 [2008]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1055 [2008]). Defendant's remaining contentions are academic.

Lynch, Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.