*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                     521771
_____

DAVID SILVERMAN et al.,
                    Respondents,

        v                                      MEMORANDUM AND ORDER

GERALD A. DOELL,
                    Appellant.
_____

Calendar Date:   February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        D'Arrigo & Cote, Liverpool (Mario D'Arrigo of counsel), for appellant.

        Franklin A. Josef, Fayetteville, for respondents.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Faughnan, J.), entered December 18, 2014 in Madison County, which denied defendant's motion for summary judgment dismissing the amended complaint.

        The parties own neighboring parcels, separated by a road, on land sloping down toward Cazenovia Lake in Madison County. Defendant's property is uphill from plaintiffs' property, and water drains from the former to the latter via a culvert running underneath the road.  Drainage has been an ongoing concern in the area and, in the 1990s, plaintiff David Silverman installed a pipe at the outlet of the culvert to divert the water into a French drain.  Defendant noted that water backed up on his property near the entrance to the culvert — a situation that he suspected was largely due to the diversion of water to the French

drain on plaintiffs' property — and, in 2010, he excavated near the culvert entrance to create a "detention area" capable of holding the backed-up water until it could flow through the culvert.

Believing that defendant had diverted additional water onto their property that threatened to damage their French drain, plaintiffs commenced the present action for damages. Following joinder of issue, defendant moved for summary judgment dismissing the amended complaint. Supreme Court denied the motion, and defendant now appeals.

We reverse. "Landowners making improvements to their land are not liable for damage caused by any resulting flow of surface water onto abutting property as long as the improvements are made in a good faith effort to enhance the usefulness of the property and no artificial means, such as pipes and drains, are used to divert the water thereon" (Baker v City of Plattsburgh, 46 AD3d 1075, 1076 [2007] [citations omitted]; accord Burgher v AF III Props., LLC, 80 AD3d 1055, 1057 [2011]). "Thus, a plaintiff seeking to recover must establish that the improvements on the defendant's land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property" (Cottrell v Hermon, 170 AD2d 910, 911 [1991], lv denied 78 NY2d 853 [1991]; see Cotton v Beames, 74 AD3d 1620, 1622 [2010]; Smith v Town of Long Lake, 40 AD3d 1381, 1383 [2007]).

Defendant averred that the complained-of work involved the removal of 17 to 25 cubic yards of soil around the entrance to the culvert and that it did not artificially channel water onto plaintiffs' property. He also stated that he performed the work in a good faith effort to create a detention area that would remediate drainage issues on his property in the event that the flow through the culvert was slow or blocked. Defendant further submitted the affidavit of a neighbor of the parties, a civil engineer with experience in stormwater management, who opined that the work did improve drainage and had no effect on the amount of water flowing onto plaintiffs' property. Defendant

accordingly met his prima facie burden of demonstrating his entitlement to summary judgment, shifting the burden to plaintiffs to demonstrate that the changes were undertaken in bad faith or diverted additional water onto their property by artificial means (see Baker v City of Plattsburgh, 46 AD3d at 1076; Smith v Town of Long Lake, 40 AD3d at 1383; see also Archambault v Knost, 132 AD2d 909, 910 [1987]).

Plaintiffs argued that additional surface water was channeled onto their property by artificial means, essentially claiming that defendant elevated low-lying areas of his property with the soil excavated from the detention area and that these changes in grade diverted additional water toward the detention area and culvert. Plaintiffs submitted the affidavit of a licensed professional engineer who opined that the changes "substantially increased the volume of water being distributed . . . onto [plaintiffs'] lands." The engineer gave no hint as to whether he had any "specialized training, personal knowledge or practical experience related to the subject at issue," however, and his opinion should not have been relied upon (Flanger v 2461 Elm Realty Corp., 123 AD3d 1196, 1198 [2014]). In any event, nothing "prevent[s] the owner of land from filling up the wet and marshy places on his [or her] own soil for its amelioration and his [or her] own advantage, [even if] his [or her] neighbor's land is so situated, as to be incommoded by it" (Kossoff v Rathgeb-Walsh, 3 NY2d 583, 589 [1958] [internal quotation marks and citations omitted]; see Archambault v Knost, 132 AD2d at 910). Thus, in the absence of any allegation that defendant embarked upon a scheme to collect and channel additional surface water onto plaintiffs' property by artificial means (compare Kossoff v Rathgeb-Walsh, 3 NY2d at 589-590 and Archambault v Knost, 132 AD2d at 910, with Krossber v Cherniss, 125 AD3d 1274, 1275 [2015] and Long v Sage Estate Homeowners Assn., Inc., 16 AD3d 963, 965 [2005], lv dismissed and denied 5 NY3d 756 [2005]), defendant is entitled to summary judgment dismissing the complaint in its entirety (see Baker v City of Plattsburgh, 46 AD3d at 1076; Smith v Town of Long Lake, 40 AD3d at 1383).

-4-                                521771

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


        ORDERED that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and amended complaint dismissed.


                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court