Egan Jr., J.
 

 Appeal from an order of the Supreme Court (Caruso, J.), entered January 25, 2017 in Schenectady County, which, among other things, granted a motion by defendants Town Homes of Union Square LLC and Maddalone & Associates, Inc. for summary judgment dismissing the complaint against them.
 

 Since 2006, plaintiffs have owned and operated the Union Inn, a restaurant and bar, located in the City of Schenectady, Schenectady County. In 2011, defendant Town Homes of Union Square LLC and defendant Loft’s II at Union Square LLC purchased two parcels of property immediately adjacent to the Union Inn, with the intent of demolishing an abandoned building located thereon and constructing two new buildings phased in over time.
 
 [1]
 
 Phase I encompassed the demolition of the abandoned building and construction of a town home building on the Town Homes’ parcel, and phase II consisted of constructing an apartment building on the Loft’s II parcel.
 
 [2]
 
 In the fall of 2012, upon completion of phase I, Town Homes contracted with defendant Maddalone & Associates, Inc. to provide property management services for the newly constructed town homes. Thereafter, in January 2013, the basement of the Union Inn flooded. Plaintiffs notified Christopher Maddalone of the subject flooding and attempted various remedial measures to address the issue; however, the condition did not improve and water continued to infiltrate the basement of the Union Inn during periods of precipitation. Plaintiffs thereafter commenced this action against, among others, Town Homes and Maddalone & Associates (hereinafter collectively referred to as defendants) for, among other things, trespass, nuisance and negligence, alleging that, as a result of defendants’ improvements to the Town Homes’ parcel, the flow of surface water across defendants’ property was altered, effectively diverting this surface water onto its property, resulting in damages to both real and personal property. Upon joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion in its entirety, determining, among other things, that plaintiffs failed to rebut defendants’ proof demonstrating that their improvements to the Town Homes’ parcel were made in a good faith and that the diversion of surface water onto plaintiffs’ property was not caused by artificial means. Plaintiffs now appeal.
 

 It is well-settled that “[ljandowners making improvements to their land are not liable for damage caused by any resulting flow of surface water onto abutting property as long as the improvements are made in a good faith effort to enhance the usefulness of the property and no artificial means, such as pipes and drains, are used to divert the water thereon” (Baker v City of Plattsburgh, 46 AD3d 1075, 1076 [2007]; accord Silverman v Doell, 138 AD3d 1339, 1340 [2016], lv dismissed 28 NY3d 1083 [2016]; see Kossoff v Rathgeb-Walsh, 3 NY2d 583, 590 [1958]; Smith v Town of Long Lake, 40 AD3d 1381, 1383 [2007]; Cottrell v Hermon, 170 AD2d 910, 910 [1991], lv denied 78 NY2d 853 [1991]). The diversion of water by artificial means, however, is not strictly limited to the use of pipes, drains and ditches and may otherwise be established where it is demonstrated that the net effect of defendants’ improvements “so changed, channeled or increased the flow of surface water onto [the] plaintiff[s]’ land as to proximately cause damage [ ] to the property” (Long v Sage Estate Homeowners Assn., Inc., 16 AD3d 963, 965 [2005] [internal quotation marks and citation omitted], lv dismissed and denied 5 NY3d 756 [2005]).
 

 In support of their motion, defendants proffered the deposition testimony of Maddalone who indicated that the improvements to the Town Homes’ parcel were undertaken in a good faith effort to redevelop the property into residential town homes along Barrett Street. He indicated that, during phase I construction, he visited the site approximately once per month and did not observe any noticeable changes in the grade of the Town Homes’ parcel.
 
 [3]
 
 Maddalone acknowledged that he was on notice of the flooding at the Union Inn as of January 2013. He also acknowledged that both he and an employee of Maddalone & Associates later confirmed that the surface water emanating from plaintiffs’ lot flowed across defendants’ property and ultimately pooled in a grassy area near the Union Inn where it had created a small sink hole adjacent to Union Street. Maddalone further acknowledged that no plans had been made for surface water runoff as part of the phase I site plans and, instead, indicated that a catch basin was to be installed as part of the phase II development, which would remedy the issue. Notably, however, Maddalone acknowledged that permits for phase II construction were not procured until the fall of 2014 and the catch basis was not installed until October 2015— nearly three years after Maddalone was put on notice of the initial flooding at the Union Inn.
 

 Defendants also proffered the affidavit of Ernest Gailor, a licensed professional engineer. Gailor indicated that he visited the site on several occasions between December 2013 and September 2016. Gailor opined that, based upon his review of site plans and his personal observations, the surface water infiltrating the Union Inn actually derived from its own rear parking lot—which was IV2 feet higher in elevation than the adjacent lot of the Town Homes’ parcel—and would flow downward across Town Homes’ parcel as a result of the natural change in elevation and grade between the abutting properties. He further indicated that no water was being diverted from defendants’ property onto plaintiffs’ property by any artificial means. Based on the evidence submitted, defendants met their prima facie burden of demonstrating their entitlement to summary judgment thereby shifting the burden to plaintiffs to raise a triable issue of fact as to whether defendants’ improvements, among other things, diverted surface water onto plaintiffs’ property by artificial means or were made in bad faith (see Silverman v Doell, 138 AD3d at 1340).
 

 In opposition to the motion, plaintiffs proffered, among other things, the deposition testimony of Joyce Fordham, their principal owner, and the affidavit of Thomas Field, a licensed professional engineer. Fordham testified that she purchased the Union Inn in 2006 and that, prior to the initial January 2013 flood, she never had any issues with water infiltrating the basement thereof. Field, meanwhile, indicated that he had extensive experience in drainage and site design and development and visited the site on five occasions between July 2014 and November 2016. Field opined that, based on his personal observations and review of Town Homes’ site plans and other documentation, defendants’ improvements had altered the grade and slope of the parking lot at the rear of the Town Homes’ parcel in such a manner that the surface water emanating from plaintiffs’ lot no longer flowed in an easterly direction across defendants’ property toward Barrett Street—as it had prior to the subject improvements—and, instead, now flowed in a southerly direction across defendants’ property toward Union Street, ultimately pooling near the southeast corner of the Union Inn. Field also indicated that the newly constructed town homes had gutters and downspouts installed that drained additional storm runoff into the rear lot of the Town Homes’ parcel. Field opined that the combination of the surface water flowing across defendants’ property and the storm runoff from the town homes’ roofs, when coupled with the change to the existing drainage pattern wrought by defendants’ improvements, ultimately served to erode and undermine the sidewalk and alley adjacent to the southeast corner of the Union Inn, thereby allowing water to infiltrate into the basement of the building.
 

 Based on the foregoing competing affidavits, we find that there are triable issues of fact as to whether defendants’ improvements to the subject parcels diverted surface water onto plaintiffs’ property by artificial means (see Long v Sage Estate Homeowners Assn., Inc., 16 AD3d at 966; see also Biaglow v Elite Prop. Holdings, LLC, 140 AD3d 814, 815 [2016], lv dismissed 28 NY3d 1059 [2016]; Vanderstow v Acker, 55 AD3d 1374, 1375 [2008]), were made in bad faith or otherwise altered the elevation and grade of the Town Homes’ parcel with the express purpose of diverting water onto plaintiffs’ property (see Burgher v AF III Props., LLC, 80 AD3d 1055, 1057 [2011]; compare Congregation B’nai Jehuda v Hiyee Realty Corp., 35 AD3d 311, 312-313 [2006]).
 

 Additionally, plaintiffs were not required to prove an intentional intrusion or intentional interference with their right to use and enjoy the property in order to sustain their private nuisance claim—such a claim being actionable upon proof that defendants’ invasion was either intentional, negligent or reckless, or otherwise involved abnormally dangerous activities (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977]; Haire v Bonelli, 57 AD3d 1354, 1358 [2008]). Further, to the extent that plaintiffs’ nuisance cause of action relies entirely on proof of defendants’ allegedly negligent conduct, the nuisance and negligence claims are essentially duplicative of one another and, therefore, Supreme Court’s dismissal of plaintiffs’ negligence claim was appropriate under the circumstances (see Morello v Brookfield Constr. Co., 4 NY2d 83, 90-91 [1958]; Haire v Bonelli, 57 AD3d at 1358-1359). Accordingly, based on the foregoing, defendants’ motion for summary judgment dismissing the complaint with respect to defendant’s trespass and nuisance claims should have been denied. Inasmuch as Supreme Court also granted third-party's defendant’s motion for summary judgment dismissing the third-party complaint based upon its dismissal of the primary action, that part of the order must be reversed and the third-party complaint reinstated.
 

 Peters, P.J., Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motion for summary judgment dismissing the first and third causes of action; motion denied to that extent and third-party complaint reinstated; and, as so modified, affirmed.
 

 [1]
 

 . Defendant Christopher Maddalone and defendant Charles Rosenstein are the principal owners of both Town Homes and Loft’s II.
 

 [2]
 

 . Town Homes contracted with J. Luke Construction Co. LLC for the demolition and to construct the town home building on the Town Homes’ parcel. Following commencement of plaintiffs’ action, Town Homes commenced a third-party action against J. Luke, alleging negligence, contractual indemnification and breach of contract. Upon joinder of issue, J. Luke, as third-party defendant, moved for summary judgment dismissing the third-party complaint. Ultimately, in granting Town Homes’ motion for summary judgment dismissing the complaint, Supreme Court also granted J. Luke’s motion for summary judgment dismissing the third-party complaint.
 

 [3]
 

 . Maddalone & Associates’ involvement with the Town Homes’ parcel commenced in the fall of 2012, prior to the initial January 2013 flooding incident.