517 Union St. Assoc. LLC v Town Homes of Union Sq. LLC (2019 NY Slip Op 07461)





517 Union St. Assoc. LLC v Town Homes of Union Sq. LLC


2019 NY Slip Op 07461


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527218

[*1]517 Union St. Associates LLC et al., Plaintiffs,
v
Town Homes of Union Square LLC, Defendant and Third-Party Plaintiff- Respondent, et al., Defendants; J. Luke Construction Co., Inc., Third-Party Defendant- Appellant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Goldberg Segalla LLP, Albany (James F. Faucher II of counsel), for third-party defendant-appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for defendant and third-party plaintiff-respondent.



Devine, J.
Appeal from an order of the Supreme Court (Caruso, J.), entered July 10, 2018 in Schenectady County, which, upon renewal, among other things, partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint.
As set forth in our prior decision (156 AD3d 1187 [2017]), plaintiffs commenced this action to recover for damages purportedly caused by the diversion of water from property owned by defendant Town Homes of Union Square LLC onto their own property. Town Homes impleaded third-party defendant, J. Luke Construction Co., Inc., a contractor that had performed demolition and construction work on its property, asserting claims for negligence, contractual indemnification and/or contribution and breach of contract. Town Homes and its property manager, defendant Maddalone & Associates, Inc., moved for summary judgment dismissing the complaint, while J. Luke moved for summary judgment dismissing the third-party complaint. In 2017, Supreme Court granted the motion of Town Homes and Maddalone & Associates, Inc. and, having disposed of the primary action, granted J. Luke's motion as a consequence (156 AD3d at 1192).
Upon appeal from the 2017 order, this Court reinstated two of plaintiffs' claims against Town Homes and Maddalone, which required revival of Town Homes' third-party complaint (156 AD3d at 1191-1192). Motion practice ensued that included, in relevant part, a motion from J. Luke to renew its motion for summary judgment dismissing the third-party complaint. Supreme Court granted renewal and, upon renewal, granted summary judgment dismissing parts of the third-party complaint, leaving extant Town Homes' negligence and contribution claims. J. Luke appeals, arguing that it was entitled to summary judgment dismissing those claims as well.
Initially, our decision on the appeal from the 2017 order was a "new pronouncement of the law governing this case" that provided a valid ground for J. Luke to seek renewal of its summary judgment motion, and we perceive no abuse of discretion in Supreme Court granting that relief (Spierer v Bloomingdale's, 59 AD3d 267, 267 [2009], lv denied 13 NY3d 713 [2009]; see CPLR 2221 [e] [2]; Cioffi v Target Corp., 150 AD3d 665, 667 [2017]). We accordingly turn to the merits of the underlying summary judgment motion.
With regard to the first cause of action in the third-party complaint, we agree with J. Luke that it should have been dismissed. Town Homes denominated that claim as one for negligence, alleging that J. Luke deviated from accepted standards of care by failing to perform contracted-for demolition and construction work "in a good workmanlike manner." Supreme Court correctly categorized those assertions as a claim for negligent performance of contract; the problem is "that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 226 AD2d 990, 993 [1996]).[FN1] A failure to plead a cognizable claim would not warrant summary judgment if Town Homes subsequently made out a viable cause of action (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 279 [1978]; Village of Sharon Springs v Barr, 165 AD3d 1445, 1446 [2018]). Town Homes never suggested that J. Luke owed it a duty of care independent from the contract, however, and confirmed in its opposition to J. Luke's motion that the issue was whether J. Luke rendered subpar performance under the contract. Accordingly, in the absence of any indication that J. Luke owed an independent duty to Town Homes arising "from circumstances extraneous to, and not constituting elements of, the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 389; accord Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1261 [2016]), J. Luke was entitled to summary judgment dismissing the first cause of action (see 431 Conklin Corp. v Rice, 181 AD2d 716, 717-718 [1992]).
Town Homes' third-party contribution claim, in contrast, is premised upon J. Luke owing a duty of care to "plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (Eisman v Village of E. Hills, 149 AD3d 806, 808 [2017]; see CPLR 1401; Rosado v Proctor & Schwartz, 66 NY2d 21, 23 [1985]). As we previously noted, questions of fact exist as to whether Town Homes is liable to plaintiffs for the water diversion (156 AD3d at 1191-1192). J. Luke contends that it cannot similarly be held liable, as its work for Town Homes was done in compliance with "plans and specifications which [J. Luke] agreed to follow" and that were not "so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, [was] potentially dangerous" (West v City of Troy, 231 AD2d 825, 826 [1996]; see Ryan v Feeney & Sheehan Bldg. Co., 239 NY 43, 46 [1924]; Cusson v Hillier Group, Inc., 130 AD3d 1397, 1398 [2015]). To support that contention, J. Luke relied upon the equivocal deposition testimony of a Town Homes principal who said that J. Luke followed the approved plans and specifications "as far as [he] kn[e]w" and that he lacked evidence to say otherwise. There was no reason to believe that the principal was in a position to know one way or the other, as he did not have an architect or engineer supervising J. Luke's work and had not supervised it himself to any significant degree. The deposition testimony of J. Luke's own member, who asserted that the plans were followed but admitted that he lacked personal knowledge as to whether the property was excavated to specifications, was no more conclusive. Inasmuch as this meager showing by J. Luke did not demonstrate its prima facie entitlement to summary judgment dismissing the third-party contribution claim, that relief was properly denied without regard to the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Cusson v Hillier Group, Inc., 130 AD3d at 1399).
The remaining arguments of the parties, to the extent that they are properly before us and have not been rendered academic by the foregoing, have been examined and lack merit.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment dismissing the first cause of action of the third-party complaint; motion granted to said extent and said cause of action dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Town Homes asserts that J. Luke did not raise this issue before Supreme Court. Assuming without deciding that Town Homes is correct, the argument presents a purely legal question that could not have been avoided had it been advanced at the proper time (see Whitney Lane Holdings, LLC v Don Realty, LLC, 159 AD3d 1163, 1165 [2018]; Matter of Gould Erectors & Rigging, Inc., 119 AD3d 1039, 1041 n [2014]).